# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-10-00076-CR

Sean Christopher Brewer, Appellant

v.

The State of Texas, Appellee

---

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. C-1-CR-08-223109, HONORABLE ELISABETH ASHLEA EARLE, JUDGE PRESIDING

---

## MEMORANDUM OPINION

A jury found appellant Sean Christopher Brewer guilty of misdemeanor driving while intoxicated, and the trial court assessed his punishment at one year's confinement in the county jail, suspending imposition of that sentence and placing him on community supervision for two years. *See* Tex. Penal Code § 49.04(a); Tex. Code Crim. Proc. art. 42.12, §§ 3, 13.

On original submission, we reversed the trial court's judgment of conviction and remanded the case for a new trial. In addressing appellant's first five points of error complaining that the trial court commented on appellant's right not to testify, a majority of the panel concluded that the trial court violated appellant's privilege against self-incrimination by directly commenting on appellant's failure to testify and, further, committed reversible error by denying appellant's request for an instruction to the jury to disregard the comment. *See Brewer v. State*, No. 03-10-00076-CR, 2011 WL 3890365, at *4–6 (Tex. App.—Austin Aug. 31, 2011) (mem. op., not designated for

publication). On further appeal by the State, the court of criminal appeals concluded that appellant's complaint concerning the trial court's comment on his failure to testify had not been properly preserved for appellate review. *See Brewer v. State*, 367 S.W.3d 251, 253 (Tex. Crim. App. 2012). The court reversed our judgment and remanded the case for consideration of appellant's remaining claims of error. *Id.* On remand, we will affirm the judgment of conviction.

## BACKGROUND

Sometime between two and two-thirty in the morning on December 14, 2008, appellant rear-ended Kyle Blackburn's vehicle while Blackburn was stopped at a red light at the intersection of 12th Street and Rio Grande Street in Austin. The accident caused Blackburn's car to hit the vehicle immediately in front of her, also stopped at the red light. Blackburn testified that the collision caused both front air bags to deploy and "totaled" her car. Both Blackburn and her passenger, William Worthy, testified that they were hit "without any warning" and did not hear any "screeching" of brakes. Officer Michael Ridge, who investigated the accident, testified that he did not notice any skid marks or other indications that appellant applied his brakes before the collision.

Immediately after the collision, Blackburn called 911 and exited her car to make sure the occupants of the other cars were uninjured. Blackburn testified that appellant remained in his car with the engine running until the police arrived and that he did not talk to anyone or answer anyone's questions. Worthy testified that prior to the arrival of the police, appellant and his passenger, Clay Powers, were "fumbling around with something" and that Powers, carrying a bag, exited appellant's vehicle, walked behind a nearby building, and returned to the car without the bag. A backpack containing marijuana was later recovered by police from behind the building. Powers admitted that the backpack and its contents were his. Police also found a plastic bag containing a

2

trace of white powder believed to be cocaine residue in Powers's pocket during a search incident to his arrest for possession of marijuana.

After arriving at the scene, Officer Ridge spoke with all the parties involved in the collision and collected insurance information. The officer observed that appellant's balance was "a little off" when retrieving his insurance documents and that he had to use the car's door to assist him. Ridge testified that appellant exhibited signs of intoxication, including an odor of alcohol, watery, glassy eyes, slightly slurred speech, and a "confused" story regarding the events of the evening. Ridge also testified that appellant, who was employed as a chef, told Ridge that he had taken a nap at 7:00 p.m., began drinking at his house two hours after his nap, and continued drinking on 6th Street. Appellant refused to participate in any field-sobriety tests, although he did attempt to stand as instructed while the officer explained the walk-and-turn test before reiterating his refusal after he stepped off the line while trying to place one foot in front of the other. Appellant was arrested for driving while intoxicated. He refused to provide a breath or blood sample.

A jury trial was held in which Blackburn, Worthy, and Ridge testified for the State. The State also introduced a video recording of the investigation from Officer Ridge's dashboard camera, depicting appellant's interaction with Ridge and refusal of the field-sobriety tests.

Powers then testified for the defense, stating that appellant was unaware that Powers possessed the drugs recovered from his backpack after the accident. Appellant also called his stepfather, Michael Kovich, as a witness. Appellant expected Kovich to testify that appellant's behavior and mannerisms as depicted on the video recording were consistent with appellant's everyday demeanor and did not indicate intoxication. The State objected to Kovich's testimony on

3

relevance grounds, and the trial court sustained the objection. After making an offer of proof of Kovich's testimony, the defense rested. The State offered no rebuttal evidence.

During the State's closing jury argument, the prosecutor argued that the defendant had been "hiding" throughout the case. Appellant objected, claiming that the statement was an improper comment on his failure to testify. The trial court overruled the objection. After more than five hours of deliberation and a supplemental charge from the court,[1] the jury found appellant guilty of driving while intoxicated.

Appellant elected to have the trial court assess his punishment. The court sentenced appellant to one year in the county jail, suspended imposition of the sentence, and placed him on community supervision for two years. In addition, the court assessed a $4,000 fine, of which $3,000 was suspended. Appellant moved for a new trial, arguing, among other things, that the presiding judge lacked the proper certification as a visiting judge and that Kovich's testimony should have been admitted as expert testimony. The trial court denied appellant's motion for new trial, and appellant brought this appeal.

**DISCUSSION**

In the remaining points of error not addressed in our prior opinion, appellant complains about improper jury argument by the prosecutor, the exclusion of his stepfather's

---

[1] The supplemental charge, known as an "*Allen* charge," attempts to break a deadlocked jury by instructing jurors that the result of a hung jury is a mistrial and that jurors at a retrial would face essentially the same decision, encouraging them to resolve their differences without coercing one another or violating their individual choices. *See Allen v. United States*, 164 U.S. 492, 501 (1896); *see also Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006) ("An *Allen* charge . . . reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve.").

4

testimony, the admission of evidence of the passenger's drug possession, and the denial of his motion for new trial.

## Jury Argument

During closing argument of the guilt-innocence phase, the prosecutor argued that appellant was "hiding." Appellant objected, complaining that the prosecutor was commenting on his choice not to testify. In response, the prosecutor explained that she was referring to appellant's conduct on the dash-cam video. Appellant then asked the court for "a limiting instruction." The trial court overruled the objection and denied appellant's request that the jury be instructed to disregard the prosecutor's comment.[2]

---

[2] The complained-of statement, appellant's objection, and the trial court's ruling occurred near the beginning of the State's final closing argument:

| PROSECUTOR: | This case today has been about hiding. All this defendant has done was hide. Every single thing was hiding. He refused to get -- |
| --- | --- |
| DEFENSE COUNSEL: | We're going to object; she's commenting now on the defendant's choice not to testify, despite -- |
| PROSECUTOR: | Absolutely not, Your Honor. I'm talking about the defendant's actions on the DWI video. |
| DEFENSE COUNSEL: | I'd like a limiting instruction on her comments. I'd like them stricken from the record. |
| THE TRIAL COURT: | Overruled. Sit down, please. |

For purposes of our analysis, we will assume that appellant's request for a "limiting instruction" was a request for the court to instruct the jury to disregard the comment. We will further assume that the trial court's single ruling, "overruled," applied to appellant's objection, his requested instruction, and his request to have the comment stricken.

5

According to appellant, the prosecutor's argument that he was "hiding" was an impermissible reference to the fact that he did not testify at trial, thereby violating his privilege against self-incrimination. In points of error seven, eight, and nine, appellant argues that the trial court erred in overruling his objection.[3] In his tenth point of error, he complains about the court's refusal to instruct the jury to disregard the comment.

*Standard of Review*

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion. *Nzewi v. State*, 359 S.W.3d 829, 841 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *see Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010) (finding no abuse of discretion by trial court in sustaining state's objection to appellant's jury argument). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); *see also McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005) ("A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree.").

*Objection to Prosecutor's Comment*

The law provides for, and presumes, a fair trial free from improper argument by the State. *Ex parte Lane*, 303 S.W.3d 702, 712 (Tex. Crim. App. 2009) (citing *Long v. State*,

---

[3] In his seventh point of error, appellant asserts that the trial court's ruling violated his federal constitutional right to remain silent. In his eighth point of error, he claims the ruling violated his state constitutional right to remain silent. In his ninth point of error, he contends the trial court's ruling violated his statutory right to remain silent.

823 S.W.2d 259, 267 (Tex. Crim. App. 1991)).  Proper jury argument must generally fall within one of four categories:  (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to argument of opposing counsel; and (4) pleas for law enforcement.  *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011); *Jimenez v. State*, 240 S.W.3d 384, 407 (Tex. App.—Austin 2007, pet. ref'd).  The fact that a defendant did not testify does not fall into any of these categories and may not be the subject of comment by the prosecution.  *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).

A comment on a defendant's failure to testify violates both the state and federal constitutions as well as Texas statutory law.  *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *see* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 38.08; *see also Griffin v. California*, 380 U.S. 609, 615 (1965).  However, the implication that the State's comment referred to the defendant's failure to testify must be a clear and necessary one.  *Randolph*, 353 S.W.3d at 891; *Bustamante*, 48 S.W.3d at 767.  If the language might reasonably be construed as merely an implied or indirect allusion, there is no violation.  *Randolph*, 353 S.W.3d at 891; *Busby v. State*, 253 S.W.3d 661, 666 (Tex. Crim. App. 2008).  The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.  *Randolph*, 353 S.W.3d at 891; *Cruz*, 225 S.W.3d at 48; *see Bustamante*, 48 S.W.3d at 765 (collecting cases).  In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character.  *Randolph*, 353 S.W.3d at 891; *Cruz*, 225 S.W.3d at 548; *Bustamante*, 48 S.W.3d at 765.  Courts are not to find that the prosecutor manifestly intended to comment on the defendant's

failure to testify if some other explanation for the remark is equally plausible. *Randolph*, 353 S.W.3d at 891. In assessing whether the defendant's rights have been violated, courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of its being a permissible argument. *Id.*

Viewed from the jury's perspective, the prosecutor's comments in this case would not necessarily or naturally be taken as a comment on the defendant's failure to testify. Rather, the prosecutor's statement can reasonably be construed as referring to appellant's conduct at the accident scene. The prosecutor confirmed that this was her intent in her response to the objection. This view of the prosecutor's comment is reinforced by her later comments during argument. She argued that appellant refused to get out of the car or talk to the other drivers because he had been drinking and smelled like alcohol, that he refused to perform the field sobriety tests or provide a breath sample because he had been drinking, and that he was "elusive about what he had to drink, where he had been drinking, what he had been drinking, how much he had been drinking." Referring to this conduct, she argued that "[appellant] hid everything because he was intoxicated and he didn't want to get busted for it" and later said, "All he did was refuse, refuse, refuse. He hid everything."

When placed in context, the prosecutor's remarks could reasonably be construed as an argument that appellant's conduct that night demonstrates his intoxication and also indicates consciousness of guilt. Thus, there is an equally plausible explanation for the prosecutor's comment. Accordingly, there is no violation. *See id.* We hold the trial court did not abuse its discretion by overruling appellant's objection to the argument. Appellant's seventh, eighth, and ninth points of error are overruled.

8

*Denial of Instruction to Disregard*

As a general rule, any error associated with improper jury argument can be cured by an instruction for the jury to disregard the comment. *See Long*, 823 S.W.2d at 269. However, as just discussed, we have concluded that the prosecutor's statement was not an improper comment on appellant's failure to testify. Thus, the comment did not warrant an instruction to the jury to disregard. Consequently, we conclude that the trial court did not err in refusing to instruct the jury to disregard the comment. Appellant's tenth point of error is overruled.

**Exclusion of Stepfather's Testimony**

In his twelfth point of error, appellant challenges the trial court's exclusion of his stepfather's testimony at trial. Appellant offered Michael Kovich's testimony as a lay opinion. His opinion (that appellant did not appear any different from normal that night) was based on Kovich's knowledge of his stepson for the past 11 years and his review of the dash-cam videotape of appellant at the accident scene. Appellant argues that the trial court erred in sustaining the State's relevance objection and excluding the testimony.

In his thirteenth point of error, appellant complains about the trial court's exclusion of Kovich's testimony and affidavit at the hearing on the motion for new trial. At the hearing, appellant again offered the testimony of his stepfather concerning his opinion of appellant's behavior that night. When the State objected on relevance grounds, appellant indicated that he wanted to ask questions to develop Kovich's "expertise." The trial court explained that his ruling during trial was based on the fact that Kovich was not physically present at the scene of the accident. Appellant asserts on appeal that the trial court erred in excluding Kovich's testimony and affidavit at the hearing.

9

*Standard of Review*

We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Sandoval v. State*, 409 S.W.3d 259, 281 (Tex. App.—Austin 2013, no pet.). A trial court abuses its discretion only if its decision "lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g); *Sandoval*, 409 S.W.3d at 281. We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009); *Sandoval*, 409 S.W.3d at 281. If the trial court's evidentiary ruling is reasonably supported by the record and correct on any theory of law applicable to that ruling, we will uphold the decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005); *Sandoval*, 409 S.W.3d at 297.

*Lay Opinion*

At trial, appellant offered the testimony of his stepfather, Kovich, as a lay opinion. Under Rule 701 of the Texas Rules of Evidence, a lay witness may testify to "opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue."[4] Tex. R.

---

[4] Rule 602 of the Texas Rules of Evidence, entitled "Lack of Personal Knowledge," provides that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Tex. R. Evid. 602. As noted above, Rule 701, entitled, "Opinion Testimony by Lay Witness," provides that if a witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of

10

Evid. 701; *see also Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002); *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997). The State argues that the trial court did not abuse its discretion in excluding Kovich's testimony because his opinions were not based on personal observations of appellant on the night of the accident but rather were based on his review of the dash-cam video.[5] *See Hartin v. State*, No. 09-07-00547-CR, 2009 WL 1076799, at *1–3 (Tex. App.—Beaumont Apr. 22, 2009, pet. dism'd) (mem. op., not designated for publication) (lay-opinion testimony of defendant's mother that defendant did not appear intoxicated on videotape properly excluded when witness was not present at traffic stop); *see also Davis v. State*, 313 S.W.3d 317, 349 (Tex. Crim. App. 2010) ("Because Rule 701 requires [lay-opinion] testimony to be based on a witness's perception, the witness must have personally observed or experienced the events about which he is testifying.").

Appellant, on the other hand, argues that a defendant is entitled to introduce evidence of his own "normal" behavior to show that any deviations from an objective typical behavior that appear in the video were not the result of intoxication but some other cause. *See, e.g.*, *Burkett v. State*, 179 S.W.3d 18, 24–25 (Tex. App.—San Antonio 2005, no pet.) (doctor and brother testified about appellant's chronic medical conditions and mental abnormalities and that manner in which appellant spoke and ambulated on videotape was normal); *Hernandez v. State*, 107 S.W.3d 41, 50, 52 (Tex. App.—San Antonio 2003, pet. ref'd) (wife testified that defendant ordinarily had trouble

---

the witness's testimony or the determination of a fact in issue. Tex. R. Evid. 701. The perception requirement of Rule 701 incorporates the personal-knowledge requirement of Rule 602. *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002); *see Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997).

[5] In his testimony during the offer of proof at trial, Kovich agreed that he was not present on the night his stepson was arrested and did not "have any factual knowledge of what happened other than reviewing the videotape."

walking or keeping his balance and that he was tired and was upset because they had been arguing); *Murphy v. State*, 44 S.W.3d 656, 663–64 (Tex. App.—Austin 2001, no pet.) (brother testified that appellant "had body of a 70 year old from life time of hard work," normally walked "like an old man with arthritis," and that when he saw appellant that day he was "[n]ormal for [appellant]"); *Webster v. State*, 26 S.W.3d 717, 724–25 (Tex. App.—Waco 2000, pet. ref'd) (wife permitted to proffer lay opinion regarding husband's intoxication by alcohol and medication); *Atkins v. State*, 990 S.W.2d 763, 765 (Tex. App.—Austin 1999, pet. ref'd) (wife and colleague testified that appellant's behavior on videotape was due to fatigue rather than intoxication).

We need not decide that question, however. Even assuming that the trial court erred in excluding Kovich's lay-opinion testimony, we conclude that any error was harmless. The video recording did not depict any particular condition or trait of appellant's—e.g., a distinctive speech pattern, specific walk, or unique posture—that Kovich's testimony could have been helpful in explaining was appellant's normal behavior rather than the result of intoxication. *See, e.g.*, *Burkett*, 179 S.W.3d at 24–25 (testimony of doctor and brother explained that manner in which appellant spoke and ambulated on videotape was "normal" for appellant and attributable to appellant's chronic medical conditions). Therefore, we conclude that the absence of Kovich's lay-opinion testimony did not influence the jury or influenced the jury only slightly. *See* Tex. R. App. P. 44.2(b) (non-constitutional error requires reversal only if it affects substantial rights of accused); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011) (appellate court will not overturn criminal conviction for non-constitutional error if court has fair assurance error did not influence jury, or influenced jury only slightly).

We overrule appellant's twelfth point of error.

12

*Expert Opinion*

At the hearing on appellant's motion for new trial, appellant attempted to qualify Kovich as an expert witness. Before admitting expert testimony under Rule 702 of the Texas Rules of Evidence, the trial court should determine that the expert is qualified, the opinion is reliable, and the evidence is relevant. *See* Tex. R. Evid. 702; *Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006). That is, the trial court must be satisfied that: (1) the witness qualifies as an expert by reason of his knowledge, skill, experience, training, or education; (2) the subject matter of the testimony is appropriate for expert testimony; and (3) admitting the expert testimony will actually assist the fact finder in deciding the case. *Vela*, 209 S.W.3d at 131; *see also Jackson v. State*, 17 S.W.3d 664, 670 (Tex. Crim. App. 2000). The proponent of the expert testimony must demonstrate by clear and convincing evidence that the expert testimony is reliable. *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). To establish reliability for a "soft science," the proponent must establish that: (1) the field of expertise involved is a legitimate one, (2) the subject matter of the expert's testimony is within the scope of that field, and (3) the expert's testimony properly relies on or utilizes the principles involved in that field. *Tillman*, 354 S.W.3d at 435–36 (citing *Nenno v. State*, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998)); *Davis v. State*, 329 S.W.3d 798, 814–15 (Tex. Crim. App. 2010).

It is unclear from the record what area of expertise appellant was trying to develop at the hearing on the motion for new trial. Before the State's objection, appellant questioned Kovich about his purported "specialized training, knowledge and experience regarding intoxication and the

13

behavior, exhibition, mannerisms that show intoxicated and non-intoxicated persons."[6] However, the record demonstrates that Kovich's expertise in that area was limited to three first-time DWI trials at the beginning of his legal career and to currently "working with lawyers who do DWI defense work and DWI appeals." Kovich conceded that his practice in administrative enforcement did not include DWIs or alcohol-related offenses. In addition, appellant elicited testimony that Kovich had "seen the entire process [concerning his stepson], from sober to intoxicated," apparently suggesting that witnessing appellant's drinking behavior in the past rendered Kovich an "expert."

Appellant complains that the exclusion of further testimony from Kovich as an expert witness along with the exclusion of Kovich's affidavit at the hearing denied him the opportunity to elicit evidence not present in the trial record. However, we cannot conceive of any evidence appellant could have proffered to demonstrate that "expertise" in either appellant's "normal" conduct or appellant's drinking behavior are legitimate fields of expertise under Rule 702.[7] *See Tillman*, 354 S.W.3d at 435 ("The focus of the reliability analysis is to determine whether the

---

[6] The record reflects that Kovich was an attorney licensed to practice in Texas. During his 36 years as a licensed attorney, he practiced as "a public, private, and corporate lawyer" and did "criminal work, civil work, [and] administrative work." At the time of trial, he was an enforcement attorney doing administrative prosecution for the Department of Transportation, Motor Vehicles Division.

In an affidavit offered at the hearing on the motion for new trial, Kovich opined that "in the video [appellant] did not appear to be intoxicated" and that "[a]fter reviewing the video and using my professional training, experience and my personal knowledge of [appellant's] behavior I am convinced that [appellant] was not intoxicated when the video was taken."

[7] We note that appellant was permitted to present testimony concerning Kovich's "expertise" on intoxication, and Kovich's answers demonstrated that he did not in fact possess any specialized "knowledge, skill, experience, training, or education" that would qualify him as an expert in that area. Accordingly, he was not qualified to render, as an expert, the opinion asserted in his affidavit that appellant was not intoxicated.

14

evidence has its basis in sound scientific methodology such that testimony about 'junk science' is weeded out.").

More importantly, however, at trial Kovich did not purport to be an expert on intoxication, appellant's "normal" conduct, or appellant's past drinking behavior. Appellant offered his stepfather's testimony only as a lay opinion, not as an expert opinion. His attempt to provide an additional legal basis for the admission of Kovich's testimony—i.e., as an expert opinion—at the hearing on the motion for new trial was untimely.[8] Thus, we conclude that the trial court did not abuse its discretion in disallowing further evidence through Kovich's purported expertise.

We overrule appellant's thirteenth point of error.

**Passenger's Possession Offenses**

In points of error fifteen through eighteen, appellant complains about the admission of evidence of the passenger's possession of marijuana and possession of drug paraphernalia. He contends, among other things, that the evidence was irrelevant and therefore inadmissible.[9]

---

[8] A hearing on a motion for new trial generally serves to develop evidence that is not otherwise in the record. *Benson v. State*, 224 S.W.3d 485, 490 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Oldham v. State*, 977 S.W.2d 354, 361 (Tex. Crim. App. 1998)) ("[E]xcept to adduce facts of a matter not otherwise shown on the record, a motion for new trial is not a requisite [sic] to presenting a point of error on appeal."); *see also* Tex. R. App. P. 21.2. We do not construe a motion for new trial in a criminal case as an opportunity to present additional evidence or legal arguments relating to previously made rulings concerning evidence already in the record.

[9] In point of error fifteen, appellant argues that the evidence was erroneously admitted because the evidence failed to sufficiently link appellant to the extraneous offenses. In point of error sixteen, he contends the evidence was irrelevant and therefore inadmissible. In point of error seventeen, he asserts the evidence was inadmissible character evidence. In point of error eighteen, he claims the evidence was admitted in violation of Rule 403.

15

Prior to trial, appellant moved to suppress or exclude evidence concerning Clay Powers's possession of marijuana and drug paraphernalia.[10] Appellant argued that such evidence was inadmissible because it was irrelevant and improper character evidence. Pursuant to his objection, he sought to have certain portions of the dash-cam video from Officer Ridge's patrol car that directly or indirectly referred to this evidence redacted from the video. The State maintained that the evidence was contextual to the DWI traffic stop, providing evidence of intoxication. The prosecutor conceded, however, that the State had no evidence demonstrating ownership of the backpack (whether it "belonged" to the passenger or appellant) and was uncertain whether the State would have evidence indicating appellant was intoxicated by reason of using an illegal substance or drug.[11] Ultimately, the motion was denied.[12] During its case-in-chief, the State offered into evidence the dash-cam video from Officer Ridge's patrol car. Appellant again objected to the portions of the video referencing the objected-to evidence, arguing that such evidence was "irrelevant under 401, 402, and 403 of the Texas Rules of Evidence" and was "improper character evidence and

---

[10] The record contains evidence reflecting that officers found marijuana hidden inside of Powers's backpack and recovered an empty baggie with white powder residue (presumed to be cocaine) from Powers's pocket. He was arrested for possession of marijuana and possession of drug paraphernalia.

[11] When the judge questioned whether the State had evidence that appellant was intoxicated by reason of the introduction of drugs into his system, the prosecutor indicated that they had yet to talk to their witnesses to determine whether the officers had linked appellant to the marijuana.

[12] At the initial pretrial hearing on the motion, conducted prior to jury selection, Judge Earle reserved ruling on the motion until the State was able to determine whether they had evidence possibly linking appellant to the marijuana and thus rendering the evidence relevant. The hearing was continued until the following day. However, Judge Earle became ill, and Judge Bender, a visiting judge, substituted for Judge Earle and denied the motion without making a determination that any evidence linked appellant to the passenger's marijuana or that there was any evidence suggesting appellant was intoxicated by reason of illegal drugs.

16

improper evidence of extraneous offenses" under Rule 404(a)(1)(A) and 404(b). The trial court again overruled appellant's objections.

On the video, when the officers are discussing identifying the passengers involved in the accident, one officer can be heard saying that "the guy in the leather jacket walked around the building and dropped a bag" and then says that "he's got marijuana." Subsequently, the video camera shows an individual, later identified by Officer Ridge as the passenger, as he sits in the back seat of the patrol car for approximately 12 minutes while the officers conduct their accident investigation. Later, after the video shows the officers searching appellant upon his DWI arrest and then examining the contents of his wallet, one officer can be heard commenting on the odor when he opened the backpack and then indicating that he found an "empty baggie with white residue." It is unclear whether the officer is referring to Powers in any of these comments. Following the publication of the video to the jury, the prosecutor elicited testimony from Officer Ridge that Powers was arrested for possession of marijuana.

During its case-in-chief, the defense called Powers to testify that the drugs belonged to him and that appellant had no knowledge of the marijuana. During cross-examination, the State elicited testimony about the drug paraphernalia, "including cocaine residue," found in Powers's pockets.[13]

---

[13] During cross-examination, Powers testified that the marijuana hidden in his backpack was his "personal stash" and explained that the cocaine was residue because "[he] had consumed all of the cocaine by that point. It was all gone."

17

*Standard of Review*

As noted previously, we review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Tillman*, 354 S.W.3d at 435; *Sandoval*, 409 S.W.3d at 281. A trial court abuses its discretion only if its decision "lies outside the zone of reasonable disagreement." *Martinez*, 327 S.W.3d at 736; *Montgomery*, 810 S.W.2d at 391; *Sandoval*, 409 S.W.3d at 281. We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the trial court's decision if it lies within the zone of reasonable disagreement. *Billodeau*, 277 S.W.3d at 39; *Sandoval*, 409 S.W.3d at 281. If the trial court's evidentiary ruling is reasonably supported by the record and correct on any theory of law applicable to that ruling, we will uphold the decision. *De La Paz*, 279 S.W.3d at 344; *Carrasco*, 154 S.W.3d at 129; *Sandoval*, 409 S.W.3d at 297.

*Relevance*

Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. Evidence that is not relevant is not admissible. Tex. R. Evid. 402.

The State argues in its brief that the complained-of evidence was not evidence of an extraneous offense but of the charged offense because the information alleged that appellant was intoxicated "by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, and any other substance" into his body. However, while it is true that the information alleged all the possible statutory intoxicants, the record reflects that the State was relying on the introduction of alcohol as the method of intoxication. At

the probable cause hearing, the State presented evidence of Officer Ridge's observations of appellant—the strong odor of alcohol, watery, glassy eyes, slurred speech, swaying, agitation, and refusal to perform the field sobriety tasks—together with appellant's admission to the officer that he had been drinking that night. The State concluded with the officer's belief that appellant "had lost the normal use of his mental or physical faculties due to the introduction of alcohol [into his body]." More importantly, the State fails to explain how evidence of Powers's drug possession makes it more probable that appellant was intoxicated. There was no evidence demonstrating that appellant was even aware of the marijuana in Powers's backpack, let alone that appellant possessed or used it.[14] In fact, the evidence in the record demonstrates only the passenger's connection to the contraband, not appellant's. The record demonstrates that the drugs and drug paraphernalia were not openly visible in the passenger compartment of the car but rather were concealed from view—in a third party's personal belongings and on his person. Because of the hidden nature of the evidence, we reject the State's comparison of the passenger's drugs to a bottle of liquor found openly visible in the passenger compartment of a car.

The issue at trial was whether appellant was intoxicated. This fact was not made more or less probable by the evidence that, unknown to appellant, the passenger in his car

---

[14] In the pretrial suppression hearing, the prosecutor stated,

[W]e don't know that the backpack belonged to the passenger or whether or not, indeed, it belonged to the defendant. *It certainly, I believe, would go towards some level of intoxication of the defendant if he, himself, had the marijuana.*

(Emphasis added.) The other prosecutor expressed that she did not know if the State had any evidence indicating that appellant was intoxicated by reason of marijuana use and suggested they "table this" until the State could confer with its witnesses. The State never produced any additional information or evidence to assist the court in determining whether "something in someone's backpack . . . would be relevantly brought into [this] case" as the judge requested.

19

possessed marijuana hidden in his backpack or drug paraphernalia concealed on his person. Under these circumstances—the hidden nature of the contraband and no showing that appellant had any knowledge of or connection to the concealed drugs—this evidence was irrelevant.[15] *See* Tex. R. Evid. 401; *England v. State*, 887 S.W.2d 902, 915 (Tex. Crim. App. 1994).

Nor was this evidence admissible, as the State contended at trial, as contextual evidence.[16] Even if considered as such, same-transaction contextual evidence is admissible "only . . . when the offense would make little or no sense without also bringing in the same transaction evidence." *England*, 887 S.W.2d at 915. Here, evidence of Powers's drug possession was not necessary to explain the offense since Officer Ridge testified to the circumstances surrounding appellant's arrest, including the indicators of his intoxication, without any reference to the drug arrest or the recovery of drugs; and his testimony was clear and easily understood. The subsequent introduction of the portions of the dash-cam video concerning the recovery of the drugs and drug paraphernalia and the officer's subsequent testimony regarding the drug possession arrest were

---

[15] We do not address whether, had some evidence demonstrated that appellant had knowledge of the passenger's drug possession, knowledge of the drugs would render the evidence relevant to the issue of appellant's intoxication because the record here is devoid of any evidence showing appellant had knowledge of the passenger's drugs.

[16] The Texas Court of Criminal Appeals has distinguished between two types of background evidence: (1) evidence of other offenses connected with the primary offense, referred to as "same transaction contextual evidence" and (2) general background evidence, referred to as "background contextual evidence." *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993); *Mayes v. State*, 816 S.W.2d 79, 86–87 (Tex. Crim. App. 1991). Same-transaction contextual evidence has been defined as evidence of other offenses connected with the offense charged; evidence which imparts information essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven. *Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993); *Rogers*, 853 S.W.2d at 33. Background contextual evidence is "proof of facts that do not bear directly on the purely legal issues . . . but merely fill in the background of the narrative and give it interest, color, and lifelikeness." *Mayes*, 816 S.W.2d at 87. Because the complained-of evidence here involved other offenses rather than general background information, we treat it as "same transaction contextual evidence" rather than "background contextual evidence."

thus unnecessary for the jury to understand the factual basis of appellant's DWI charge. *See Walker v. State*, 195 S.W.3d 250, 259 (Tex. App.—San Antonio 2006, no pet.); *Peters v. State*, 93 S.W.3d 347, 353 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). On the contrary, the evidence concerning appellant's intoxication, as presented in Officer Ridge's testimony and as depicted on the unobjected-to portions of the video, was complete without the introduction of the complained-of evidence. Invoking "context" of the offense is not enough to justify admission of other crimes, wrongs, or acts. The State must show the misconduct has some tendency to make more or less probable a fact of consequence. *See England*, 887 S.W.2d at 915. Here, the State did not.

Since the complained-of evidence was not relevant to any issue in the case, we can only surmise that its purpose was to show that appellant was a bad character who associated with drug users and therefore had a propensity to commit the charged offense.[17] This is not a permissible purpose. *See* Tex. R. Evid. 404(b) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *Castaldo v. State*, 78 S.W.3d 345, 348–51 (Tex. Crim. App. 2002) (holding that Rule 404(b) applies not only to accused but also to acts of third persons).

Because the evidence did not directly relate to a fact of consequence in the case, was not necessary to the jury's understanding of the offense or the circumstances concerning the DWI investigation, and was apparently intended to prove that appellant acted in conformity with bad character, the evidence was inadmissible. Accordingly, the trial court abused its discretion in admitting the complained-of evidence.

---

[17] During closing argument, the State argued, "His passenger even went around the corner to hide those drugs. They may be the passenger's. I honestly don't care. We are the company we keep, aren't we?"

*Harm Analysis*

Having concluded that the trial court erred, we must now determine if the error was harmful and therefore is reversible. The erroneous admission of evidence is non-constitutional error. *Kirby v. State*, 208 S.W.3d 568, 574 (Tex. App.—Austin 2006, no pet.); *see Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007). Non-constitutional error requires reversal only if it affects the substantial rights of the accused. *See* Tex. R. App. P. 44.2(b); *Barshaw*, 342 S.W.3d at 93. We will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance the error did not influence the jury, or influenced the jury only slightly. *Barshaw*, 342 S.W.3d at 93; *Kirby*, 208 S.W.3d at 574.

In assessing potential harm, our focus is not on whether the outcome of the trial was proper despite the error but on whether the error had a substantial or injurious effect or influence on the jury's verdict. *Barshaw*, 342 S.W.3d at 93–94. We review the entire record to ascertain the effect or influence on the verdict of the wrongfully admitted evidence. *Id.* at 93; *see Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010) (in conducting harm analysis "we examine the entire trial record and calculate, as much as possible, the probable impact of the error upon the rest of the evidence"). We consider all the evidence that was admitted at trial, the nature of the evidence supporting the verdict, the character of the alleged error, and how the evidence might be considered in connection with other evidence in the case. *Barshaw*, 342 S.W.3d at 94. We may also consider the jury instructions, the parties' theories of the case, closing arguments, voir dire, and whether the State emphasized the error. *Id.*; *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

The evidence in this case supports the jury's verdict and contains sufficient evidence demonstrating appellant's intoxication. First, the evidence shows not only that appellant rear-ended

22

a car stopped at a red light, it also supports the conclusion that he did so without braking or otherwise attempting to avoid the collision as perhaps a non-impaired driver would. Appellant admitted that he took no evasive maneuvers. Second, Officer Ridge described his observations of appellant at the accident scene and detailed the indicators of intoxication he noted, including the strong odor of alcohol on appellant's breath, watery, glassy eyes, slurred speech, confusion, and trouble with balance. The dash-cam video admitted into evidence arguably corroborated some of the officer's testimony. In addition, the evidence showed that appellant admitted to drinking alcohol that night, he refused to perform field sobriety tasks, and he refused to provide a breath or blood sample. We also observe that the error involved the introduction of evidence concerning the misconduct of a third party, rather than appellant. Given the state of the evidence in the case, we cannot say that this evidence was of such character that it improperly tainted the jury's consideration of appellant's conduct that night. As noted previously, the prosecutors mentioned evidence of the passenger's drug possession in closing argument. However, the State also asserted during argument that the evidence was sufficient to show appellant's intoxication without consideration of the passenger's marijuana.[18] Defense counsel also referenced the evidence, but only to emphasize the fact that the passenger's conduct was separate from the issue of appellant's intoxication and to highlight the passenger's testimony indicating that appellant had no knowledge of the drugs.

---

[18] The prosecutor argued

[Y]ou heard evidence from the witness that said after the wreck the passenger went and hid the drugs -- but even if you don't -- even if you believe that, even if you believe that the passenger did all of those drugs, the State has still brought you ample evidence to prove that [appellant] was intoxicated that evening when he slammed into those folks at this intersection.

After examining the record as a whole, we have fair assurance that the erroneous admission of evidence of Powers's possession of drugs and possession of drug paraphernalia did not influence the jury or had but a slight effect. Therefore, the error in admitting the complained-of evidence was harmless.

We overrule points of error fifteen, sixteen, seventeen, and eighteen.

## Jury Instruction

In points of error nineteen and twenty, appellant complains that the trial court committed reversible and fundamental error during the guilt-innocence phase of trial by failing to submit an instruction regarding consideration of the extraneous offenses complained of in points of error fifteen through eighteen (the passenger's possession offenses) in the jury charge. In particular, appellant contends the trial court was required to instruct the jury that it could not consider this evidence unless it believed beyond a reasonable doubt that appellant committed the extraneous offenses.

*Standard of Review*

We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd). The trial court is required to give the jury a written charge setting forth the law applicable to the case. Tex. Code Crim. Proc. art. 36.14. The judge's duty to instruct the jury on the applicable law exists even when defense counsel fails to object to inclusions or exclusions in the charge. *Vega*

24

*v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013); *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). The jury charge should tell the jury what law applies and how it applies to the case. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); *see Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) ("The purpose of the trial judge's jury charge is to instruct the jurors on all of the law that is applicable to the case."); *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996) ("The purpose of the jury charge is to inform the jury of the relevant law and guide them in applying that law.").

*Instruction Not Requested*

At trial, appellant submitted written jury charge requests. *See* Tex. Code Crim. Proc. art. 36.15. However, none of the requests included a request for the trial court to instruct the jury on the burden of proof to be used when considering evidence of an extraneous offense. Appellant asserts that the combination of certain requested instructions sufficed to make such a request.[19] We disagree.

---

[19] Appellant requested the following instructions:

1.     PRESUMPTION     OF     INNOCENCE,     BURDEN     OF     PROOF,
REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

Error relating to a jury charge may be preserved by asserting either an objection or a requested charge. *Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996); *Lee v. State*, 415 S.W.3d 915, 920 (Tex. App.—Texarkana Nov. 22, 2013, pet. filed); *see* Tex. Code Crim. Proc. arts. 36.14 ("Before [the court's written] charge is read to the jury, the defendant . . . shall present his objections thereto in writing, distinctly specifying each ground of objection."), 36.15 ("[A] defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom[.]"). The purpose of these articles is to enable a trial judge to know in what respect a defendant regards the charge to be defective and to afford the judge an opportunity to correct it before reading the charge to the jury. *Brown v. State*, 716 S.W.2d 939, 943 (Tex. Crim. App. 1986); *Skillern v. State*, 890 S.W.2d 849, 868 (Tex. App.—Austin 1994, no pet.); *Hall v. State*, No. 12-11-00260-CR, 2012 WL 1623465, at \*1 (Tex. App.—Tyler May 9, 2012, no pet.) (mem. op., not designated for publication).

While "magic words" are not required, the substance of a requested instruction must be conveyed to the trial judge. *See Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007);

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

. . . .

3.      CAUTION-CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

*Carmen v. State*, 276 S.W.3d 538, 541 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd); *see also Valadez v. State*, No. 03-11-00449-CR, 2013 WL 3481457, at *5 n.3 (Tex. App.—Austin July 2, 2013, no pet.) (mem. op., not designated for publication). A requested instruction need not be "in perfect form" but must be specific enough to put the trial court on notice of the omission or error in the charge. *See Chapman v. State*, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996); *Gaspar v. State*, 327 S.W.3d 349, 355 (Tex. App.—Texarkana 2010, no pet.); *Jackson v. State*, 288 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *Carmen*, 276 S.W.3d at 541; *see also Atkinson v. State*, 923 S.W.2d 21, 24 n.2 (Tex. Crim. App. 1996) (specifically requested instruction is sufficient "so long as it calls attention to an error or omission in the proposed instructions").

In this case, appellant's requested instructions were not specific enough to inform the trial court of the particular instruction sought or what language should have been added to the charge. Nowhere in his requests did appellant mention the State's burden of proof in connection with extraneous offenses or limited consideration by the jury of such evidence. The trial court is not required to mix and match various requests to determine what the requested instruction is. *See Bennett*, 235 S.W.3d at 243 ("We do not require a trial judge to mull over all the evidence introduced at trial in order to determine whether a defendant's request for a jury instruction means more than it says."). Here, the requested instructions, even in combination, were not sufficient to alert the trial judge that appellant wanted an instruction on the limited consideration of or burden of proof concerning extraneous-offense evidence. *See Rogers v. State*, 105 S.W.3d 630, 639 (Tex. Crim. App. 2003). Appellant's requested instructions did nothing more than convey that he wanted

additional instructions concerning reasonable doubt, including some that have been explicitly disavowed by the court of criminal appeals.[20]

Furthermore, in addition to his failure to articulate that he wanted such an instruction in his written requests, when the trial court denied his requested instructions in the charge conference, appellant did not explain, object, or otherwise clarify his request. A review of the record shows that the trial court did not understand from the requested instructions submitted that appellant was requesting an instruction on the burden of proof for extraneous offenses. The comments of the trial judge during the charge conference reflect that the trial court believed the requested instructions related, generally, to the burden of proof and presumption of innocence. The judge indicated that he considered such issues to be already covered in the court's charge. Nothing suggests that the trial court was aware that appellant was seeking an instruction on the burden of proof concerning extraneous-offense evidence or limited consideration of such evidence.

Based on the record before us, appellant's requested instructions cannot be seen as a sufficient, specific request pursuant to article 36.15 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 36.15. Given the general nature of appellant's requests for additional reasonable doubt instructions and absent any attempt by appellant to clarify the issue for the trial judge during the charge conference, we cannot conclude that the trial judge was aware of appellant's desire for an instruction on the burden of proof concerning extraneous offenses, the instruction the absence of which he now complains about on appeal. *See Rogers*, 105 S.W.3d at 640;

---

[20] In *Paulson v. State*, the court of criminal appeals specifically overruled that portion of *Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), that mandated the use of a particular six-paragraph jury instruction concerning reasonable doubt and concluded that "the better practice is to give no definition of reasonable doubt at all to the jury." *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

28

*cf. Bennett*, 235 S.W.3d at 243 (because appellant failed to place trial judge on notice of instruction she wanted, trial judge did not err in failing to submit such instruction).

*No Error in Jury Charge*

Even had appellant's request for the instruction been properly made, his request came too late. "[A] defendant is entitled to limiting instructions on the use of extraneous offenses during the guilt phase only if he timely requests those instructions when the evidence is first introduced." *Delgado*, 235 S.W.3d at 253. "A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge." *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008).

Here, when the complained-of evidence was first introduced via the admission and publication of the dash-cam video, appellant did not ask the trial court to instruct the jury that it could consider the evidence of these offenses only if it believed beyond a reasonable doubt that appellant had committed them and then only for a particular limited purpose. Thus, the evidence regarding the passenger's offenses was admitted for all purposes and appellant was not entitled to a limiting instruction in the jury charge. *See Delgado*, 235 S.W.3d at 251 ("Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes."); *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) ("Because appellant did not request a limiting instruction at the first opportunity, the evidence was admitted for all purposes."); *see also Taylor v. State*, No. 02-11-00092-CR, 2012 WL 955383, at *7 (Tex. App.—Fort Worth Mar. 22, 2012, no pet.) (mem. op., not designated for publication)

(defendant forfeits request for jury-charge instruction by not requesting instruction upon admission of evidence).

Further, because the trial judge had no duty to give any limiting instruction concerning the use of an extraneous offense in the jury charge absent appellant's request, it naturally follows that the court had no duty to instruct the jury on the burden of proof concerning the extraneous offenses. *Delagado*, 235 S.W.3d at 254; *see Ex parte Varelas*, 45 S.W.3d 627, 631–32 (Tex. Crim. App. 2001) (at guilt-innocence stage of criminal trial, defendant has burden to request instruction limiting consideration of extraneous offenses, and, when he does so, trial court must also instruct jury, in its jury charge, on burden of proof).

Without a request for a limiting instruction at the time of the admission of the evidence, the evidence was admitted for all purposes; therefore, the trial court was not required to submit a limiting instruction in the jury charge regarding the use of those extraneous offenses or the burden of proof concerning them. *See Delgado*, 235 S.W.3d at 251; *Gunter v. State*, 327 S.W.3d 797, 801–02 (Tex. App.—Fort Worth 2010, no pet.); *see, e.g.*, *Thibodeaux v. State*, No. 14-07-00647-CR, 2009 WL 1748747, at *5 (Tex. App.—Houston [14th Dist.] June 23, 2009, pet. ref'd) (mem. op., not designated for publication). Therefore, we conclude that the jury charge was not erroneous for the lack of such an instruction. Accordingly, points of error nineteen and twenty are overruled.[21]

---

[21] Because we find no error in the jury charge, we need not conduct a harm analysis. *See Sakil v. State*, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009).

**Motion for New Trial**

In four points of error—six, eleven, fourteen, and twenty-one—appellant asserts that the trial court erred in denying his motion for new trial.[22]

*Standard of Review*

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013); *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. *McQuarrie*, 380 S.W.3d at 150; *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion when no reasonable view of the record could support the trial court's ruling. *Okonkwo*, 398 S.W.3d at 694; *McQuarrie*, 380 S.W.3d at 150. This requires us to view the evidence in the light most favorable to the trial court's ruling. *Okonkwo*, 398 S.W.3d at 694; *Riley v. State*, 378 S.W.3d 453, 459 (Tex. Crim. App. 2012). Further, the trial court, as factfinder, is the sole judge of the witnesses' credibility at a hearing on a motion for new trial with respect to both live testimony and affidavits. *Okonkwo*, 398 S.W.3d at 694; *Riley*, 378 S.W.3d at 459. Accordingly, we must afford almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Okonkwo*, 398 S.W.3d at 694; *Riley*, 378 S.W.3d at 458. This same deferential review must be given to a

---

[22] The record reflects that the visiting judge conducted a hearing and ruled on the motion for new trial, except for the complaint challenging his judicial qualifications. The regular presiding judge of the court conducted a hearing as to that complaint and ruled on the merits of that challenge.

trial court's determination of historical facts based solely on affidavits, regardless of whether the affidavits are controverted. *Okonkwo*, 398 S.W.3d at 694; *Riley*, 378 S.W.3d at 457.

*Trial Judge's Comment*

The first ground on which appellant contends the trial court erred in denying his motion for new trial, raised in point of error six, is the error resulting from the question by the trial judge that we previously held constituted an improper comment on appellant's right not to testify. On discretionary review, the court of criminal appeals reversed this Court, holding that appellant failed to properly preserve this complaint for appellate review. "[A] trial judge may, *but need not*, grant a motion for new trial on the basis of unpreserved trial error if that error is sufficiently serious that it has affected the defendant's substantial rights." *State v. Herndon*, 215 S.W.3d 901, 910 (Tex. Crim. App. 2007) (emphasis added). Accordingly, we cannot say the trial court abused its discretion in denying the motion for new trial on this ground presenting unpreserved error. We overrule appellant's sixth point of error.

*Improper Jury Argument*

Appellant claims the trial court erred in denying his motion for new trial based on his complaint that the prosecutor's statement in jury argument that he was "hiding" constituted an improper comment on his right not to testify. However, this complaint was not presented in the motion for new trial nor raised at the hearing on the motion. Consequently, the claim that the trial court erred in denying the motion for new trial on this ground is without merit. The trial court did not have the opportunity to rule on this complaint and its ruling denying the motion could not

have been erroneous based on this unpresented complaint. We overrule appellant's eleventh point of error.

*Exclusion of Stepfather's Testimony*

The next ground on which appellant contends the trial court erred in denying his motion for new trial is the exclusion of his stepfather's testimony at trial. Appellant's argument is based on his contention that the exclusion of Kovich's testimony was harmful error. However, as discussed with regard to his twelfth point of error, we have already determined that any error in the exclusion of the proffered testimony was harmless. Therefore, we conclude the trial court did not abuse its discretion in denying appellant's motion for new trial on this ground. We overrule appellant's fourteenth point of error.

*Judicial Qualifications of Visiting Judge*

In his final point of error, appellant argues that the trial court erred in denying his motion for new trial on the ground challenging the visiting judge's qualification. In his brief, appellant asserts that the visiting judge in this case, the Honorable Bill Bender, could not legally be appointed as an assigned judge because (1) he failed to file the requisite certification under section 74.055(c)(6) of the Government Code,[23] and (2) he "apparently" did not have at least 96 months service prior to retirement as required by section 74.055(c)(6) of the Government Code.

---

[23] Appellant refers to the statutory requirement that retired judges sitting by assignment certify to the presiding judge a willingness not to appear and plead as an attorney in Texas courts for a period of two years. *See* Tex. Gov't Code § 74.055(c)(6). An initial certification made after the judge leaves active service extends through December 31 of the year following the year in which the certification is made. *See id.* § 74.0551(b). Once made, this certification renews by operation of law every two years, unless the retired judge revokes it in writing. *See id.* § 74.0551(b), (c), (d).

33

However, appellant did not raise the judge's alleged lack of the requisite prior service in his motion for new trial, nor did he raise it at the hearing on the motion for new trial. Thus, the trial court's ruling denying the motion could not have been erroneous based on that unpresented complaint.

In support of his claim of improper certification, appellant presented the trial court with an opinion from this Court in a civil case, *Sweetwater Austin Properties, L.L.C. v. SOS Alliance, Inc.*, 299 S.W.3d 879 (Tex. App.—Austin 2009, pet. denied), and asked the court to take judicial notice of "the facts set forth in the *SOS* opinion." The "facts" relating to Judge Bender's qualifications that appellant relied on, contained in a footnote of the opinion, were that the parties in that case stipulated that Judge Bender retired on December 1, 1998, and that the record in the lawsuit in that case contained a certification executed by Judge Bender on January 4, 1999, that had an expiration date of December 31, 1999, 12 months earlier than provided for in the certification statute. *Sweetwater*, 299 S.W.3d at 892 n.8. These "facts," however, do not demonstrate that Judge Bender failed to file the requisite certification allowing him to be appointed for this trial which was conducted in October of 2009. All this shows is what was present in the record in the *SOS* case; it does not demonstrate the lack of proper certification here.

Absent evidence of impropriety, we must indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000); *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975); *Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see State v. Guerrero*, 400 S.W.3d 576, 585 n.30 (Tex. Crim. App. 2013). This requires the appealing party to present a record showing reversible error in order to overcome the presumption. *See Amador v. State*, 221 S.W.3d 666, 679 (Tex. Crim. App. 2007). Appellant failed to do so here

34

and thus failed to meet his burden. At best, the footnote "facts" he relies on demonstrate possible defects in a certification filed a decade before this trial. This evidence demonstrates nothing about the certification, or lack thereof, on file at the time of this case.[24]

Accordingly, we cannot say that the trial court abused its discretion in denying appellant's motion for new trial on this ground. We overrule appellant's twenty-first point of error.

## CONCLUSION

Finding no reversible error, we affirm the trial court's judgment of conviction.

_____
J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin;
    Justice Henson not participating

Affirmed on Remand

Filed:   February 21, 2014

Do Not Publish

---

[24] In fact, we note that in another criminal appeal before this Court, in which a defendant raised a similar certification complaint about Judge Bender sitting as a visiting judge in County Court at Law No. 7 of Travis County, the same court where these proceedings occurred, the defendant conceded that Judge Bender executed the required certification on March 24, 2000, and this Court held that there was no evidence in the record that the certification had since been revoked. *See Pease v. State*, No. 03-06-00369-CR, 2007 WL 2274879, at *5 (Tex. App.—Austin Aug. 9, 2007, no pet.) (mem. op., not designated for publication).