

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1502-11

---

### SEAN CHRISTOPHER BREWER, Appellant

### v.

### THE STATE OF TEXAS

---

### ON DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS,
### TRAVIS COUNTY

---

*Womack, J., delivered the opinion of the Court, in which Keller, PJ., and Meyers, Price, Keasler, Hervey, Cochran, and Alcala, JJ., joined. Johnson, J., concurred.*

The appellant was convicted of driving while intoxicated.[1] The Third Court of Appeals reversed the conviction and remanded for a new trial.[2] The State petitioned for discretionary review of two grounds: Did the appellant preserve his complaint for appeal? If he did, did the

---

[1] *See* TEX. PENAL CODE § 49.04(a).

[2] *Brewer v. State*, No. 03-10-00076-CR, 2011 Tex. App. LEXIS 7274 (Tex. App.–Austin Aug. 31, 2011) (not designated for publication).

trial court err by commenting on the appellant's failure to testify at trial? We granted review.

We hold that the complaint was not preserved for appeal. Therefore we shall reverse the Court of Appeals's judgment and remand the case to that Court so that it may consider the appellant's other claims of error.

## I. Trial Court

The appellant's car ran into the rear of another car. The driver of that car got out and called the police. The appellant remained in his car, with the engine still running, until an officer arrived. The officer noticed that the appellant exhibited signs of intoxication, and the appellant told the officer he had been drinking for several hours. After the appellant refused to perform field sobriety tests and to provide a blood or breath sample, he was arrested for driving while intoxicated.

At trial, the State implied that the appellant left his car running because he intended to flee the scene. Defense counsel attempted to cross-examine the passenger in the other car about the reason that the appellant kept his engine running. Counsel sought to suggest that the appellant may have kept the engine running so as to keep the car's heater functioning. The State objected, and the trial court asked defense counsel where he was going with his line of questioning.

> [DEFENSE COUNSEL 1]: I'm trying to show that [the appellant] had his car running because it was cold, and his heater was on not because he was trying to —
>
> THE COURT: Well, I assume he could testify to that, couldn't he?[3]
>
> [DEFENSE COUNSEL 2]: Objection.
>
> [DEFENSE COUNSEL 1]: I'm sorry?

---

[3] The appellant alleged in both his motion for mistrial and his motion for new trial that the judge pointed to him when using the word "he."

THE COURT: Are you asking this witness to go ahead and … speculate as to what was in his mind or what he was doing? Your client?

[DEFENSE COUNSEL 1]: No, I'm not calling for speculation. It's present sense impression ….

…

THE COURT: Let's move on, then.

At the conclusion of the passenger's testimony, defense counsel moved for a mistrial because of "the Court's commenting on the defendant testifying [*sic*], that he could testify as to what was going on that evening." After the court denied the motion, the appellant asked for permission to submit a written brief in support of the motion, to which the court replied, "Well, you can do that later."

When the State rested, the appellant presented the court with a hand-written motion requesting either a mistrial or, in the alternative, a written instruction to the jury to disregard the court's comments. The court again denied the appellant's motion, stating, "You understand that's going to be corrected and covered as far as in the charge, right? … They're instructed [that] they are not to consider in any way, form, or fashion [that] he is not testifying …."

The appellant was found guilty of driving while intoxicated.

## II. Court of Appeals

On appeal, the Third Court of Appeals held that the appellant's actions were sufficient to preserve the error for appellate review, although the appellant did not "follow the typical objection pattern."[4] The Court of Appeals found that, cumulatively, the appellant's actions met

---

[4] *Brewer*, 2011 Tex. App. LEXIS 7274.

the requirements for preservation. Holding that the trial court erred in denying the appellant's request for a curative instruction, the Court of Appeals reversed the trial court's judgment and remanded the case for a new trial without addressing the appellant's other claims of error.

### III. Discussion

We do not agree with the Court of Appeals's determination that the appellant preserved his point of error for review.

To preserve a complaint for appellate review, the complaining party must make a timely, specific request that the trial court refuses.[5] In the instant case, the appellant complained three times of the trial court's comment on his failure to testify. The first complaint occurred during the cross-examination of the passenger. The appellant did not state grounds for his objection, and the trial court did not rule on the objection.[6] This was insufficient to preserve error.[7]

The appellant's second complaint was in a motion for a mistrial at the end of the passenger's testimony. The appellant did not request a curative instruction before moving for a mistrial — a choice that forfeited appellate relief for an error that could have been cured by such an instruction.[8]

The third complaint was made after the testimony of the State's final witness. The

---

[5] *Young v. State*, 137 S.W.3d 65, 69 (Tex. Cr. App. 2004) (citing TEX. R. APP. P. 33.1(a)).

[6] *See Stevens v. State*, 671 S.W.2d 517, 521 (Tex. Cr. App.1984) (an instruction by the trial court to "move on" is not a ruling).

[7] *See* 43A George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 53:65 (3d ed. 2011) ("For example, merely articulating an intention to object – 'I object!' – is not sufficient") (citing *Norrid v. State*, 925 S.W.2d 342, 350 (Tex. App.–Fort Worth 1996)).

[8] *Ocon v. State*, 284 S.W.3d 880, 886-887 (Tex. Cr. App. 2009) ("An appellant who moves for a mistrial without first requesting a less drastic alternative forfeits appellate review of that class of events that could have been cured by the lesser remedy.").

appellant presented the court with a hand-written motion requesting either a mistrial or, in the alternative, a written instruction to the jury to disregard the court's comments. This request was clearly not timely, and thus was insufficient to preserve error.

None of the three complaints met the requirements for preservation. The appellant argues, however, that because, in sum, the trial court was given "the opportunity to cure the alleged error," the delay in objection was permissible. In so doing, the appellant confuses the rationale for the timely objection requirement with the requirement itself.[9] The Court of Appeals seems to have acquiesced to the appellant's arguments, combining all three complaints in order to hold that the appellant's actions were sufficient to meet the requirements of a timely, specific request that is refused by the trial court. This was error. We do not combine complaints to meet the requirements for preservation; we view each complaint individually, and, in the instant case, it is clear that the requirements for preservation were not met.

## IV. Conclusion

The Court of Appeals erred in holding that the appellant's complaint was preserved for appeal. We reverse the judgment of the Court of Appeals and remand the case to that Court so that it may consider the appellant's other claims of error.

Delivered June 6, 2012.
Publish.

---

[9] *See Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Cr. App. 1991) ("The purpose of a timely objection is to give the trial judge the opportunity to cure error.").