**Affirmed; Opinion Filed November 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01605-CR

### APRIL MARIE BERRYHILL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F-1231151-Y

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Lang

The sole issue in this appeal from an order of deferred adjudication is whether the trial court abused its discretion in imposing in-patient drug treatment as a condition of community supervision. We conclude appellant failed to preserve error and affirm the trial court's judgment.

### I. BACKGROUND

April Marie Berryhill was charged with possession of heroin in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(2), 481.115(b) (West 2010). A pre-sentence investigation report reflected she had a "significant" drug problem and had admitted using heroin, marijuana, and methamphetamine. According to the report, she refused to adequately address and accept responsibility for her drug problem, and it was recommended she complete a long-term in-patient treatment program.

Berryhill and the State entered into a plea agreement which recited she would plead guilty and the State would recommend two years' deferred adjudication and a $1500 fine. However, they could not agree on an appropriate drug treatment program, and the issue was tried to the trial court.

At the plea hearing, probation officer Laura Weddle testified Berryhill presented to the pre-sentence evaluation with glassy eyes and under the influence of alcohol and Adderall, "which she did not have a prescription for." Weddle further testified Berryhill denied having a drug problem. As a result, Weddle did not think Berryhill would be a good candidate for an intensive outpatient program, but would need residential treatment.

Berryhill admitted to a "heroin problem in the past" and agreed she needed treatment. She testified, however, that she wanted the trial court to order intensive outpatient treatment instead of in-patient treatment. She explained that she did not want to be separated from her two young sons and also that her grandparents had offered to pay for her to attend cosmetology school in Washington state, where they lived.

The trial court accepted Berryhill's plea, placed her on two years' deferred adjudication probation, and assessed the $1500 fine recommended by the State, but probated it. As one of the conditions of community supervision, the trial court ordered appellant to complete an inpatient drug treatment program. Berryhill did not object to the imposition of any of the conditions of supervision and signed a document listing the conditions. Three weeks after the plea hearing, however, she filed a motion for the trial court to reconsider the requirement that she complete an in-patient drug treatment program. The motion was not set for hearing, and no record of any hearing was filed with this Court.

## II. PRESERVATION OF ERROR

It is well-settled that a complaint for appellate review must be preserved by timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Grado v. State*, ___ S.W.3d ___, 2014 WL 5247808 *2 (Tex. Crim. App. Oct. 15, 2014). Recognizing that trial counsel did not lodge a formal objection at the plea hearing, Berryhill argues that her testimony disagreeing with residential treatment and requesting outpatient treatment constituted an objection. She further argues that her motion for reconsideration also preserved error. We disagree.

### A. Applicable Law

The purpose of a timely objection is to allow the trial judge an opportunity to cure error. *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991). To be considered timely, an objection must be made at the first opportunity or as soon as the basis of the objection becomes apparent. *Id.*; *Stevens v. State*, 671 S.W.2d 517, 521 (Tex. Crim. App. 1984). A premature or late objection preserves nothing for review. *See Brewer v. State*, 367 S.W.3d 251, 253 (Tex. Crim. App. 2012); *King v. State*, 631 S.W.2d 486, 492 n.15 (Tex. Crim. App. 1982). Generally, when a defendant does not have an opportunity to object, he must file a motion for new trial to preserve error for appellate review. *See Isaa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992); *Habib v. State*, 431 S.W.3d 737, 741 (Tex. App.—Amarillo 2014, pet. ref'd). A motion for new trial is not an available remedy for a defendant placed on deferred adjudication, however, unless he has first moved for adjudication. *Donovan v. State*, 68 S.W.3d 633, 637-38 (Tex. Crim. App. 2002).

### B. Application of Law to Facts

Assuming Berryhill's testimony constituted an objection, it preceded the trial court's imposition of the terms of community supervision and was premature, preserving nothing for review. *See King*, 631 S.W.2d at 492 n.15. Further, because a defendant placed on deferred

adjudication may not avail himself of a motion for new trial, Berryhill's motion for reconsideration also failed to preserve error for review. *Donovan*, 68 S.W.3d at 637.

To preserve error, Berryhill needed to object as soon as the trial court announced Berryhill had to complete an in-patient drug treatment program. Berryhill did not object at that time and, in fact, affirmatively accepted the terms of community supervision by signing the document listing them. We resolve Berryhill's sole issue against her.

### III. CONCLUSION

Having resolved Berryhill's sole issue against her, we affirm the trial court's order of deferred adjudication.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131605F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

APRIL MARIE BERRYHILL, Appellant

No. 05-13-01605-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F-1231151-Y.
Opinion delivered by Justice Lang. Justices Bridges and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 12th day of November, 2014.