

NUMBER 13-18-00009-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LONNIE MARTIN WILLIAMS,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant Lonnie Martin Williams appeals his conviction for aggravated robbery, a

first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2017 1st

C.S.). After a plea of "true" to the enhancement paragraph, punishment was assessed at

thirty-five years' imprisonment.  By one issue, Williams argues that the trial court erred in denying his motion for a mistrial.  We affirm.

## I.  BACKGROUND

On June 1, 2017, Williams was indicted for two counts of aggravated robbery and one count of possession of a substance in penalty group one in an amount less than a gram.  *See id.* § 29.03, TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2017 1st C.S.).  The two aggravated robbery counts were enhanced due to Williams's prior felony conviction.

On October 16, 2017, the case was called to trial and voir dire proceedings commenced.  During voir dire, the State asked the panel if any member knew any of the witnesses, including Derek Garcia, the alleged victim in count one of aggravated robbery; no venire member raised their hand in response.  The following day, prior to opening arguments, the witnesses were brought into the courtroom in the presence of the jury to be sworn in, Garcia among them.  After the witnesses were sworn in and left the courtroom, a member of the jury panel informed the trial court that she knew Garcia.  The juror stated:  "I don't really know, but I know Derek Garcia.  I don't know him personally but I've seen him and I've talked to him, but not personally."  The trial court judge asked if knowing the witness would affect the juror in any way, and the juror replied that it would not.  Williams's counsel moved for a mistrial, which was overruled.  Williams was found guilty on count one, the aggravated robbery of Garcia, and found not guilty on counts two and three.  This appeal followed.

## II.  DISCUSSION

By his sole issue, Williams contends that the trial court erred by denying his motion for mistrial after learning that a juror knew one of the witnesses, an alleged victim. He argues that he was unable to use a peremptory strike on the juror and having the juror empaneled caused him harm.

## A.    Standard of Review and Applicable Law

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable. *Id.* Thus, a trial court abuses its discretion in denying a motion for mistrial only when no reasonable view of the record could support the trial court's ruling. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

> A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Whether an error requires a mistrial must be determined by the particular facts of the case. *Id.*

*Ocon v. State*, 284 S.W.3d 880, 884–85 (Tex. Crim. App. 2009); *see Brewer v. State*, 367 S.W.3d 251, 253 (Tex. Crim. App. 2012); *see also Steer v. State*, No. 13-11-00758-CR, 2013 WL 2146722, at *1–2 (Tex. App.—Corpus Christi May 16, 2013, pet. ref'd) (mem. op., not designated for publication). A trial judge's ability to declare a mistrial based on manifest necessity is limited to "very extraordinary and striking circumstances." *Hill v.*

3

*State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002). Manifest necessity exists when the circumstances render it impossible to arrive at a fair verdict, when it is impossible to continue with trial, or when the verdict would be automatically reversed on appeal because of trial error. *Id.*

Initially, the burden is on the parties to be diligent during voir dire and ask all pertinent questions to reveal potential bias. *Gonzales v. State*, 3 S.W.3d 915, 917–18 (Tex. Crim. App. 1999). When, notwithstanding the complaining party's diligence during voir dire, a juror later discloses his knowledge of or relationship with a witness, the juror is considered to have withheld information during voir dire. *See, e.g.*, *Franklin v. State*, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000). When the withheld information is material, it is constitutional error to deny a motion for mistrial. *Franklin v. State*, 138 S.W.3d 351, 353–54, 356–57 (Tex. Crim. App. 2004). When the withheld information is not material and the record does not show the appellant has been deprived of an impartial jury or denied a fair trial, the trial court's denial of a motion for mistrial is not error. *Decker v. State*, 717 S.W.2d 903, 907–08 (Tex. Crim. App. 1986) (op. on reh'g); *see Lopez v. State*, 261 S.W.3d 103, 106–07 (Tex. App.—San Antonio 2008, pet. ref'd).

"To determine materiality, we evaluate whether the withheld information would likely reveal the juror harbored a bias or prejudice to such a degree that the juror should have been excused from jury service." *Sypert v. State*, 196 S.W.3d 896, 900 (Tex. App—Texarkana 2006, pet. ref'd). "[M]ere familiarity with a witness is not necessarily material information." *Franklin*, 12 S.W.3d at 478. A potential juror's acquaintance with a witness is material only if the nature of the relationship reveals a potential for bias or prejudice on the part of the juror. *See id.*; *Decker*, 717 S.W.2d at 907.

4

**B.    Analysis**

During voir dire, the jury panel was asked whether they knew the alleged victim, Derek Garcia; there was no response from the panel.  There were no additional questions related to knowledge of or any relationship with Garcia.  After having seen the witnesses in the courtroom, a sworn juror approached the trial court because she recognized Garcia. In addressing whether the juror withheld material information, we determine whether the relationship between the juror and the complainant had a potential for demonstrating bias or prejudice on the part of the juror against Williams.  *See Decker*, 717 S.W.2d at 907; *Santacruz v. State*, 963 S.W.2d 194, 197 (Tex. App.—Amarillo 1998, pet. ref'd).   In *Decker*, the Texas Court of Criminal Appeals addressed the issue of when a juror's mere acquaintance with a witness is material information in the context of voir dire.  717 S.W.2d at 907.  *Decker* involved a juror who did not respond when asked in voir dire whether anyone knew the complaining witness, who was identified by name.  *Id.*  After the jury was sworn, one of the jurors notified the court he recognized the complainant.  *Id.*  The juror testified he did not know the complaining witness by name, but recognized him as a co-worker.  *Id.* at 906.  The juror testified he met the complainant seven or eight times, but they were not friends and had never socialized together.  *Id.*  The court concluded there was no showing the relationship between the juror and complaining witness had any potential for bias or prejudice on the part of the juror, and therefore the withheld information was not material.  *Id.* at 907.

Here the facts demonstrate less potential for bias than those in *Decker*.  In this case, there is no evidence of any relationship, as a coworker or otherwise, between the juror and the complainant.  The juror stated she did not know the witness personally and

5

she stated that her knowledge of the witness would not affect her impartiality. The record does not demonstrate the juror's knowledge of the alleged victim would create bias or prejudice in favor of the State or against Williams. *See Lopez*, 261 S.W.3d at 107–08. The juror in this case made no unequivocal statement indicating bias or prejudice; therefore, we conclude that the withheld information did not suggest any bias or prejudice and was not material. *See Decker*, 717 S.W.2d at 902; *see also Lopez*, 261 S.W.3d at 108. Williams's sole issue is overruled.

## III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of August, 2018.

6