

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00165-CR

_____

MARTIN RAY MALONE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31795

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Martin Ray Malone was convicted by a Hunt County jury of the murder[1] of his sister, Jayme Lopez, and was assessed a sentence of ninety-nine years' imprisonment and a $10,000.00 fine. On appeal, Malone contends that the trial court erred (1) by denying his motion for mistrial and (2) by failing to make an allocution inquiry before pronouncing his sentence. Because we find that Malone has not preserved these complaints, we affirm the trial court's judgment.

## I. Preservation of Error

Generally, to preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). And the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

## II. Malone's Complaint Regarding the Denial of His Motion for Mistrial Was Not Preserved

In his first point of error, Malone complains that the trial court erred in denying his motion for mistrial based on the admission of State's Exhibit 82 (Exhibit 82). For a party to complain about the trial court's denial of his motion for mistrial, the preferred procedure to present the complaint and preserve error at trial "is to (1) object in a timely manner, (2) request an instruction to disregard, and (3) move for mistrial if the instruction to disregard seems insufficient" to cure the prejudice. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). A party may request

---

[1]*See* TEX. PENAL CODE ANN. § 19.02(b)(1).

a mistrial after skipping the first two steps, but error is only preserved for appeal if an "instruction to disregard would not have cured . . . the harm flowing from the error." *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). "A request for an instruction to disregard is essential to the preservation of error only when such an instruction could have had the effect desired by the requesting party." *Cruz*, 225 S.W.3d at 548. The failure to "request a curative instruction before moving for mistrial . . . forfeit[s] appellate relief for an error that could have been cured by such an instruction." *Brewer v. State*, 367 S.W.3d 251, 253 (Tex. Crim. App. 2012).

Here, State's Exhibit 82 was admitted without objection during the testimony of Ryan Yvon, a deputy with the Van Zandt County Sheriff's Office. Exhibit 82 was identified as a recording of an investigation of an alleged assault involving Malone and Lopez about two years before Lopez' death.[2] After its admission into evidence, Exhibit 82 was played for the jury, again with no objection. Near the end of the recording, Lopez stated that "he shoved her down" and said, "I said just don't touch her, just don't hurt her, I'll go."[3]

After Exhibit 82 was played for the jury, the State continued its examination of Yvon about his investigation, the charges brought against Malone, and the trial setting for those charges. Malone then cross-examined Yvon, and the State conducted a short redirect examination. At the State's request, a bench conference was then held over its next witness, Sheila Morgan. Morgan then testified and was cross-examined by Malone.

---

[2]The alleged assault occurred on July 17, 2015, and Lopez died on May 19, 2017.

[3]Lopez was apparently stating that Malone shoved their mother down.

After Morgan's testimony, the trial court recessed the jury for a short break. During the break, the State advised the trial court of some concerns it had with its next witness, and the trial court and the parties discussed the identity and order of the State's next several witnesses. At that point, Malone for the first time objected to the admission of Exhibit 82, asserting that the last part of the recording violated the trial court's order in limine on evidence of extraneous offenses against third parties. The trial court noted that Malone had not objected at the time Exhibit 82 was offered and admitted into evidence, so it was not alerted to the possible violation of its order. The trial court then agreed to view the recording again.

At the conclusion of the day's testimony, the trial court considered the matter again. Malone moved for a mistrial, arguing that there was no instruction that could cure the error. The trial court denied the motion.

This case illustrates why making a timely objection, requesting an instruction to disregard the improper testimony, and then moving for mistrial is the preferred procedure. First, a timely objection is preemptive, informs the trial court of the potential for error, and conserves judicial resources by preventing foreseeable, harmful events. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Yet, Malone argued at trial that the redacted copy of the recording that he received from the State before trial did not include the objectionable statements at the end of the recording. If Malone's representation was accurate,[4] the potential error was not foreseeable, and a timely objection could not have prevented it.

---

[4]The State did not contest Malone's representation at trial. Even so, in its brief on appeal, the State contends that Exhibit 82 is identical to the redacted recording it provided to Malone at pretrial. Malone did not challenge the State's contention on appeal.

Even so, a timely objection either during or right after Exhibit 82 was played would have alerted the trial court to the objectionable part of the recording. A timely objection would have allowed the trial court to take immediate corrective action in the form of an instruction to disregard. An instruction to disregard attempts to cure any prejudice that may have occurred and, if the prejudice is curable, eliminates the need for a mistrial.[5] *Id.* In most cases, "a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses." *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam) (citing *Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992)). Here, we have no reason to believe that an instruction to disregard the objectionable statements given right after the recording was shown to the jury would not have been sufficient to cure any error.

Because Malone failed to alert the trial court to the possible error through a timely objection, foreclosing the possibility of a prompt instruction to disregard that would have cured any error, Malone has forfeited his appellate complaint on this point. *Cruz*, 225 S.W.3d at 548. Malone has therefore failed to preserve this complaint for our review. As a result, we overrule his first point of error.

## III.    Malone's Complaint Regarding the Lack of an Allocution Was Not Preserved

Article 42.07 of the Texas Code of Criminal Procedure provides that "[b]efore pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07. Malone complains in his

---

[5]A motion for mistrial also seeks to correct prejudice that has already occurred. However, the granting of a motion for mistrial is "reserved for those cases in which an objection could not have prevented, and an instruction to disregard could not cure, the prejudice stemming from an event at trial—i.e., where an instruction would not leave the jury in an acceptable state to continue the trial." *Young*, 137 S.W.3d at 69.

second issue that the trial court failed to provide him this statutory right of allocution.  However, he did not object at trial to the trial court's failure to abide by Article 42.07.  The denial of the statutory right of allocution must be preserved.  *See Tenon v. State*, 563 S.W.2d 622, 623–24 (Tex. Crim. App. [Panel Op.] 1978); *Graham v. State*, 498 S.W.2d 197, 198 (Tex. Crim. App. 1973).  Because he did not preserve this complaint for our review, we overrule Malone's second point of error.

## IV.    Conclusion

For the reasons stated, we affirm the trial court's judgment.


Scott E. Stevens
Justice


Date Submitted:      July 18, 2019
Date Decided:        July 19, 2019

Do Not Publish