**Affirmed and Opinion filed July 23, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00587-CR

**JAIRO R. VERAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1326686**

## O P I N I O N

Appellant Jairo R. Veras appeals his conviction for burglary of a building, asserting in a single appellate issue that the trial court erred in denying his request for a mistrial based on the State's revealing to a venire panel in voir dire that appellant had prior convictions. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of burglary of a

building, a restaurant. The indictment contained two enhancement paragraphs for appellant's prior convictions, in 2007 and 2009, for possession of a controlled substance.

At voir dire, the trial court informed the jury that the allegations, as pleaded in the indictment, carried a range of two to ten years' confinement. The State also informed the venire panel that the punishment range in the case was two to ten years' confinement and asked whether the veniremembers could consider the full range of punishment. Apparently, at some point during voir dire, the State showed a PowerPoint slide to the venire panel. The PowerPoint slide, which is included in the appellate record, contains the title "Punishment Range." Below the title are the words "With two prior felony convictions," followed by "2 years up to 10 years and up to $10,000 fine." A small linear graph is located below the words, showing arrows and lines between the numbers "2" and "10" on the graph.

Two veniremembers asked the prosecutor whether the jury would hear evidence of past convictions, and the prosecutor explained twice that prior convictions could be considered in the punishment phase if the evidence were presented. The record reflects the following exchange during the State's voir dire:

> [Veniremember]: Are you saying that this Defendant has two prior felony convictions, and therefore we consider ten years?
>
> [Prosecutor]: Right.
>
> [Veniremember]: So we do already know?

Appellant's trial counsel asked to approach the bench and the parties engaged in an off-record bench conference. The State then offered the following comment:

> [Prosecutor]: Sorry about that. To answer your question, no, at this point of the trial, I'm not talking about what you're going to hear in the case, no evidence, nothing like that. What we do is the punishment range for this type of offense, if we were able to prove to you that there were two prior felony convictions, then the punishment

2

range would be two to ten. And that's what you would be considering if we could prove it. So everybody can consider the full range, the two to ten?

At a later point in the State's voir dire, several veniremembers referred to the slide or questioned the available punishment based on prior convictions. The prosecutor explained that the State offers hypotheticals during voir dire, and the veniremembers do not know the facts of the case. The prosecutor stated that the prior convictions must be proven by the State, and that the jury may consider only guilt or innocence based on the evidence presented during the guilt/innocence phase of trial.

The trial court interjected, pointing out that jury selection involves hypothetical facts, and stating that whether or not the facts were hypothetical, to be fair and impartial, a jury member must be able to consider the full range of punishment and base a verdict on the evidence. A second prosecutor reiterated to the venire panel that the State's voir dire consisted of hypothetical scenarios. The second prosecutor asked each row of veniremembers, "despite what [was] surmised incorrectly from our slide," whether the veniremembers could be fair and listen to the evidence presented. Veniremembers 5 and 23 referred to the slide and did not believe they could be fair or impartial; these veniremembers were not seated on the jury.

After the State completed its voir dire, and outside of the jury's presence, appellant's trial counsel moved for a mistrial based on "an improper voir dire," complaining the jury had been tainted because the State showed on a screen that appellant had prior convictions. The trial court denied the motion, noting that the State had used a hypothetical situation and that appellant was free to further explore the matter with the venire panel. Appellant's trial counsel did so. At the end of voir dire, appellant's counsel re-urged appellant's motion for mistrial, which

3

the trial court denied.

The jury was seated. At trial, appellant testified about his criminal history including the following: a 2011 conviction for assault of a family member, a 2010 theft conviction, a 2009 conviction for possession of a controlled substance, a 2007 conviction for possession of a controlled substance, a 2005 conviction of possession of a controlled substance, and a 2004 conviction for unauthorized use of a motor vehicle.

The jury found appellant guilty of the charged offense. Before the punishment phase commenced, appellant's trial counsel objected to the seating of the jury panel, referring to how voir dire was allegedly tainted by the PowerPoint slide. The trial court overruled the objection. The jury assessed appellant's punishment at six years' confinement, and the trial court sentenced appellant accordingly.

## ISSUE PRESENTED

In his sole appellate issue, appellant contends that the trial court erred in denying his motion for mistrial based on the State's allegedly improper conduct at voir dire in revealing to the venire panel that appellant had prior convictions. According to appellant, the State violated article 36.01 of the Texas Code of Criminal Procedure, in showing the slide to the venire panel.

## ANALYSIS

We review the trial court's denial of appellant's motion for mistrial under an abuse-of-discretion standard. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). Under this standard, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it falls within the zone of reasonable disagreement. *Id.* A reviewing court cannot substitute its judgment for

4

that of the trial court, but instead determines whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial court abuses its discretion when no reasonable view of the record could support the trial court's ruling. *See id.* When, as in this case, a party requesting a mistrial does not first seek a lesser remedy, a reviewing court cannot reverse the trial court's judgment if the alleged error could have been cured by a less drastic alternative. *Ocon v. State*, 284 S.W.3d 880, 884–87 (Tex. Crim. App. 2009).

As a threshold matter, we must consider whether appellant preserved his complaint for appellate review. Because the objection, the request for an instruction to the jury, and the motion for mistrial implicate judicial remedies of decreasing desirability for events of decreasing frequency, the traditional and preferred procedure for a party to voice its complaint has been to seek them in sequence—that is, (1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party believes an instruction to disregard was not sufficient. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2007). But, this sequence is not essential to preserve complaints for appellate review. *Id*. The crucial requirement is a timely, specific request that the trial court refuses. *Id. See* Tex. R. App. P. 33.1(a)(1).

Appellant asserts that it is apparent from the record that he immediately attempted to inform the State and trial court of his objection. Appellant notes that his counsel sought to approach the bench and the parties engaged in an off-record colloquy, which was followed by the prosecutor's remark. Appellant contends that it is reasonable to conclude from the prosecutor's comment that appellant voiced a complaint and that the trial court did not sua sponte issue an instruction to the State to clarify that the reference to felony convictions was merely hypothetical. But, this court cannot conclude that appellant preserved error based upon speculation or

supposition as to what may have occurred during a bench conference at which no record was made.[1]  *See Cockrum v. State*, 758 S.W.2d 577, 585 n.7 (Tex. Crim. App. 1988); *Saldivar v. State*, 980 S.W.2d 475, 483 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).  Appellant's request to approach the bench and the off-record bench conference that followed did not preserve error as to any complaint or show that appellant moved for a mistrial during this bench conference.[2]  *See* Tex. R. App. P. 33.1(a)(1); *Cockrum*, 758 S.W.2d at 585 n.7; *Saldivar*, 980 S.W.2d at 483; *Wallace v. State*, 822 S.W.2d 290, 293 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd).

A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent.  *See Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).  The record does not reflect when the State first showed the PowerPoint slide to the venire panel.  The record does not reflect that appellant objected, requested an instruction to disregard, or moved for a mistrial after the prosecutor stated that appellant had two prior felony convictions.  The prosecutor then stated that, if the State were able to prove that there were two prior felony convictions, then the punishment range would be two to ten years.  After these remarks, appellant did not object, request an instruction to disregard, or move for a mistrial. The record reflects that appellant first moved for a mistrial at the end of the State's voir dire.  At that time, appellant obtained an adverse ruling.  Later in the trial,

---

[1] Appellant has not assigned error on appeal or preserved error in the trial court as to the court reporter's failure to make a record of this bench conference.  *See Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003).  The record does not show that appellant took any of the steps by which the substance of this bench conference could have been memorialized.  *See Moore v. State*, 999 S.W.2d 385, 398 (Tex. Crim. App. 1999).

[2] In any event, even if we were to presume, as suggested by appellant, that during the bench conference appellant voiced a complaint and the trial court did not sua sponte instruct the State to clarify its comments, appellant still did not preserve error as to any complaint because he failed to obtain a ruling on any objection, did not request an instruction to disregard, and did not move for a mistrial.

appellant twice re-urged his motion for mistrial and obtained an adverse ruling each time.

If a party delays in moving for a mistrial and, by failing to object, allows for the introduction of further objectionable testimony or comments and a greater accumulation of harm, the motion for mistrial is untimely and preserves nothing for appellate review. *See Griggs*, 213 S.W.3d at 927. Appellant has not shown any legitimate reason for waiting until the conclusion of the State's voir dire to assert his complaint. *See Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 2006). The record reflects that appellant did not move for a mistrial as soon as the grounds for this motion became apparent and that appellant's failure to move for a mistrial earlier permitted further objectionable comments and a greater accumulation of harm. Thus, appellant's motions for mistrial were all untimely and, as such, did not preserve error.[3] *See Griggs*, 213 S.W.3d at 925–27. We overrule appellant's single appellate issue.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
Justice

Panel consists of Justices Frost, Brown, Busby.

Publish — TEX. R. APP. P. 47.2(b).

---

[3] Even if appellant had preserved error, we would conclude that the trial court did not err in denying the motions for mistrial because any harm could have been cured by an instruction to disregard. *See Ocon*, 284 S.W.3d at 884–87; *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).