**Affirmed and Memorandum Opinion filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-17-00330-CR
NO. 14-17-00331-CR

**IVAN SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause Nos. 1501256, 1501257**

## M E M O R A N D U M   O P I N I O N

Appellant Ivan Smith appeals his convictions for burglary of a habitation and aggravated assault on the grounds that the trial court reversibly erred by denying (1) his motion for mistrial and (2) his defense counsel's request to withdraw from the case. Because appellant did not timely assert his motion for mistrial, we conclude he did not preserve this issue for our review. Additionally, appellant has not shown

that the trial court abused its discretion in denying his counsel's motion to withdraw. We therefore affirm the trial court's judgment.

## Background

A grand jury indicted appellant for the offenses of burglary of a habitation and aggravated assault. A jury convicted him of both offenses and sentenced him to ten years' confinement for the burglary offense and thirty-eight years' confinement for the aggravated assault offense.

The facts are largely undisputed. Appellant and three co-defendants broke into the complainant's home during the afternoon. The complainant and her boyfriend arrived at the house while the burglary was in progress. They saw an unknown vehicle, a white Lincoln, parked in the driveway, and the front door of the house appeared open and removed from its hinges. They parked their car behind the suspect vehicle, blocking it in the driveway. The complainant called 911 and informed the dispatcher that someone broke into her home and was still inside. She provided the license plate number of the white Lincoln parked in her driveway. Appellant "poked" his head out of the front door of the house and told the complainant and her boyfriend to move their car "out of the way." Appellant and three others emerged from the house. Appellant again told the boyfriend to move his car, and the boyfriend complied. The four individuals entered the white Lincoln, and appellant occupied the driver's seat. Appellant fired a gun toward the complainant's car as the complainant's boyfriend was moving it out of the way.

Officers arrived at the scene shortly after the burglary; other officers proceeded to the address associated with the white Lincoln's registration. When the officers arrived at this second location, they saw the suspect vehicle parked in front of a home. Shortly afterwards, officers arrested appellant and two of his co-

2

defendants. Appellant and one of his co-defendants, Jesse Jenkins, were tried together.

Appellant's identification was an issue at trial. We describe relevant events pertaining to the issue because those events form the basis for appellant's complaints on appeal. Both the complainant and another eyewitness identified appellant at a "show-up" identification shortly after the offense occurred. The "show-up" identification sessions were videotaped, and the jury saw the videos. Additionally, the complainant and the other eyewitness positively identified appellant during trial as a person who committed the charged offenses. The State also presented a surveillance video from a neighboring address that supported the identification of appellant as a person who committed the charged offenses.

Separately from the above identification evidence, the State also sought to support appellant's identification by highlighting a unique distinguishing feature relating to physical appearance: the suspect wore a gold grill in his mouth while committing the offense, and the State attempted to show the jury that appellant had just such a gold grill. Appellant, however, was no longer wearing a gold grill shortly after trial began. To develop testimony on the issue, the State called as a witness the court's bailiff, Deputy Yolanda Sheppard. Sheppard testified that she observed appellant with a gold grill in his mouth during his arraignment. Sheppard noticed at trial, however, that appellant no longer wore the gold grill. Sheppard asked appellant what happened to the grill and he told her he had "flushed it." Appellant's counsel asserted no objections to Deputy Sheppard's direct-examination testimony.

Before beginning cross-examination, appellant's counsel approached the bench to inform the court that her anticipated line of questioning could "put her as a witness" in the case. She did not explain how that was so, nor did counsel present

an objection, request, or motion at that time.[1]  Appellant's counsel then conducted cross-examination of Deputy Sheppard, attempting to impeach Sheppard.  Sheppard said that she saw a gold grill in appellant's mouth, and when asked why she did not take it from him, she explained that she did not know it was removable.  Sheppard stated that appellant told her he "flushed" the grill after Sheppard spoke with defense counsel.  After eliciting this testimony, appellant's counsel approached the bench and the following exchange occurred outside the hearing of the jury:

> [DEFENSE COUNSEL]:  Okay, Your Honor, I'm the attorney in this case.  She [Deputy Sheppard] just said "After I spoke with you."  I can't be a witness and try the case at the same time, Your Honor.
>
> THE COURT:  What are you asking the Court to do?
>
> [THE STATE]:  She's allowed to ask questions about what she said, just like as --
>
> THE COURT:  What are you asking?
>
> [DEFENSE COUNSEL]:  Well, because basically for consideration, I don't want to run the risk of a State Bar grievance in this trial.  That's my only concern.
>
> THE COURT:  I don't understand what the question is.  What are you asking?
>
> [DEFENSE COUNSEL]:  Because basically I'm going to ask her -- basically I would like to ask what do you remember telling me.
>
> THE COURT:  Well, you may . . . if you choose to do so.

Defense counsel again articulated no request, objection, or motion.  She continued cross-examining Sheppard in an attempt to show Sheppard was biased against appellant.  Sheppard stated that she did not remember making certain statements to defense counsel.  Sheppard also stated that two other deputies were present when

---

[1] Defense counsel stated that she would "keep herself out of the equation."

4

appellant told her that he had flushed the grill down the toilet, but she acknowledged there was no audio or video recording of her speaking with appellant.

The State asked Sheppard on re-direct if appellant told her why he "got rid of the grill." Sheppard responded, "He said his attorney told him to get rid of it." Appellant did not object to the question or the answer and asserted no motion. Appellant's counsel then conducted a brief re-cross examination regarding appellant's asserted conversation with counsel as just mentioned by Deputy Sheppard:

> [DEFENSE COUNSEL]: Deputy, is it Sheppard? Deputy Sheppard, did you ever come back and confirm with me whether or not that conversation took place?
>
> [DEPUTY SHEPPARD]: I remember telling you that we needed the grill, because we had already prepared a bag to place it in his property. I remember telling you that.
>
> [DEFENSE COUNSEL]: Your Honor, I object. She's nonresponsive again.
>
> THE COURT: The objection is overruled. You may ask your next.
>
> [DEFENSE COUNSEL]: Did you ever come back and tell me that, Hey, I was told X, Y, Z by your client, yes or no?
>
> [DEPUTY SHEPPARD]: Yes, I did.
>
> [DEFENSE COUNSEL]: And . . .
>
> [DEFENSE COUNSEL]: No further questions, Your Honor.

At the conclusion of appellant's re-cross examination, Sheppard was excused. The State then rested its case in chief. Appellant moved for a directed verdict, urging that the State had not proven its case. The trial court denied the motion for directed verdict and recessed for lunch.

5

After the lunch break, appellant's counsel moved for a mistrial, claiming that Sheppard testified in violation of "the Rule";[2] that Sheppard's testimony was "prejudicial against [her] client"; that counsel was made to be a witness and an attorney, making her ineffective; and that the State had accused her of tampering with evidence, which "tarnished [her] credibility with the jury." Appellant's counsel also confirmed on the record that she gave her client no instruction to discard his grill, and the State presented no argument or evidence otherwise. The trial court denied the motion for mistrial and sua sponte indicated that it would instruct the jury to disregard the "last question asked by the prosecutor and the response of the witness Deputy Sheppard." After the jury returned, the trial court instructed the jury to disregard the State's final question and Sheppard's response and to not "consider the question nor the response for any purpose whatsoever in your deliberations in this case."

Appellant rested his case with no further motions, objections, or requests. The jury returned a verdict of guilty as to both charged offenses, and trial recessed for the day.

Before beginning the punishment phase the next day, appellant's counsel re-urged the motion for mistrial. The court again denied the motion. Appellant's counsel then moved to withdraw from the case, and the following colloquy occurred:

> [DEFENSE COUNSEL]: Your Honor, at this point I'm going to move to withdraw from the case. The motion for a mistrial has been denied. The urging of the motion for a mistrial has been denied for the reasons that I've already stated.
>
> On April 11th there was communication between yourself, me, the prosecutors in your chambers, where we discussed the issue of my

---

[2] *See* Tex. R. Evid. 614.

6

client and the grill and I advised everyone in attendance that I could not violate attorney-client privilege. There's no way that I'm going to --

THE COURT: And you also stated that you never made that statement to your client.

[DEFENSE COUNSEL]: Correct. And as a result of the State's actions on yesterday by accusing me of evidence tampering, I've had to go and hire an attorney as a result of that. So at this point I'm not effective, Your Honor, and that's why I'm asking to withdraw at this point. And defense counsel does have reason to believe that there was an ex parte communication between the Court and the prosecutors after I left that day.

[THE STATE]: Your Honor, that is not true, and as an officer of the Court, I'm saying that that's not true. The only communication that we had with the Court was with [defense counsel] present, period. That's the only time we had a conversation with the Court.

[DEFENSE COUNSEL]: Your Honor, at this point I cannot effectively represent my client. I'm a witness. There have been allegations made against me. I have had to hire an attorney as a result of all of this. I urge that my motion to withdraw from this case be granted.

THE COURT: The Court is going to take that under advisement.

Defense counsel filed a written motion to withdraw in which counsel stated that she sought to withdraw because she could not "effectively represent [appellant] because she was forced to continue as both a witness and attorney of record when the State accused [her] of evidence tampering in this case." Defense counsel additionally incorporated into her written motion the grounds she stated previously on the record. The court denied counsel's motion to withdraw, and the case proceeded to punishment.

The trial court entered judgment according to the jury's verdict. This appeal timely followed.

7

## Denial of Motion for Mistrial

In his first issue, appellant contends the trial court reversibly erred by denying his motion for mistrial after the State allegedly accused his counsel of "evidence tampering" in open court. In sum, appellant contends that Deputy Sheppard's testimony suggesting that appellant disposed of his grill because counsel instructed him to do so was intended by the State to prejudice the jury and was a "last ditch" effort to tie appellant to the alleged crimes.

A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Whether an error requires a mistrial must be determined by the particular facts of the case. *Id.*

A trial court's denial of a mistrial is reviewed for an abuse of discretion. *Id.* An appellate court views the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). We must uphold the ruling if it was within the zone of reasonable disagreement. *Id.*

Finally, our rules of appellate procedure provide that, as a prerequisite to presenting a complaint for appellate review, the record must show that the appellant made the complaint by a timely and specific request, objection, or motion. Tex. R. App. P. 33.1(a). A motion for mistrial must be both timely and specific; such a motion is only timely if it is made as soon as the grounds for the motion become apparent. *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007); *see also*

8

*Veras v. State*, 410 S.W.3d 354, 358 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Here, appellant waited to assert his motion until after (1) Deputy Sheppard finished testifying and was excused, (2) the State rested its case, (3) appellant unsuccessfully moved for a directed verdict, and (4) trial reconvened after a lunch break. Under these circumstances, appellant did not move for mistrial as soon as the alleged grounds for his motion became apparent. *See Griggs*, 213 S.W.3d at 927; *Veras*, 410 S.W.3d at 358; *see also Smith v. State*, No. 01-15-00841-CR, 2017 WL 3634247, at *13 (Tex. App.—Houston [1st Dist.] Aug. 24 2017, no pet.) (mem. op., not designated for publication) (appellant failed to preserve mistrial complaint for appellate review when he waited until after witness who made objectionable statements finished testifying and had been excused); *Reid v. State*, No. 10-14-00107-CR, 2015 WL 6584361, at *3-4 (Tex. App.—Waco Oct. 29, 2015, pet. ref'd) (mem. op., not designated for publication) (same).

Given appellant's delay in moving for a mistrial, we conclude that his motion was untimely. Appellant therefore failed to preserve his complaint for our review, and we overrule his first issue.

**Denial of Motion to Withdraw**

In his second issue, appellant argues that the trial court reversibly erred by denying his defense counsel's motion to withdraw from the case "after being forced to continue as both a litigant and a witness in the trial and after denial of the motion for mistrial."

We review a trial court's decision on a motion to withdraw for an abuse of discretion. *Hobbs v. State*, 359 S.W.3d 919, 926 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000));

9

*Johnson v. State*, 352 S.W.3d 224, 227 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *King*, 29 S.W.3d at 566; *Brewer v. State*, 649 S.W.2d 628, 631 (Tex. Crim. App. 1983)). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *Johnson*, 352 S.W.3d at 227. But so long as the trial court's ruling falls within the zone of reasonable disagreement, the court does not abuse its discretion and we will uphold its ruling. *Id.* Finally again, as explained above, to preserve a complaint for appellate review, the record must show that the appellant made the complaint by a timely and specific request, objection, or motion. Tex. R. App. P. 33.1(a).

First, we note that counsel's motion to withdraw was likely untimely, given the grounds on which it was based and the asserted prejudice expected to befall appellant from the motion's denial. Deputy Sheppard testified on the last day of testimony in the guilt-innocence phase. But defense counsel did not urge her motion to withdraw until the next day, after the guilt-innocence phase concluded and after the jury found appellant guilty of the charged offenses. Waiting until after evidence closes (and after conviction) to assert that counsel ought to be allowed to withdraw because she is a material fact witness is a motion that comes too late to secure effective relief even assuming the grounds are meritorious. *Cf. Griggs*, 213 S.W.3d at 927 (stating that delay in making motion for mistrial that "allow[ed] for the introduction of further objectionable testimony or comments and greater accumulation of harm" resulted in forfeiture on appeal of complaint about denial of mistrial); *Veras*, 410 S.W.3d at 358 (same).

Even assuming a timely motion, appellant's counsel's grounds for withdrawal hinged on the premise that counsel became "ineffective as an attorney" from the point that Deputy Sheppard's testimony "forced" her to be a witness. But supporting such a complaint requires appellant to have sought to present his trial counsel's

testimony. *See Johnson*, 352 S.W.3d at 230 (because Johnson never sought to have his trial counsel testify as a witness, he failed to preserve his complaint that the trial court's denial of his motion to withdraw denied him the right to call his counsel as a witness). Appellant's counsel never sought to testify as a witness. Further, appellant does not contend that he was denied effective assistance of counsel. *Cf. Ramirez v. State*, No. 01-04-00196-CR, 2005 WL 2123791, at *5-6 (Tex. App.—Houston [1st Dist.] Aug. 31, 2005, pet. ref'd) (mem. op., not designated for publication).

Appellant also relies on Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct, which provides that a lawyer should not represent a client if the lawyer knows or believes he may be a witness "necessary to establish an essential fact" on behalf of the client. Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A. Appellant contends that his trial counsel's testimony "could have been used to impeach Deputy Sheppard's testimony." Here again, appellant's trial counsel did not inform the trial court that she sought to impeach Deputy Sheppard's testimony.

At any rate, we conclude that Rule 3.08 did not support withdrawal in this instance because the fact purportedly rendering counsel a witness is not "essential." The State offered evidence of appellant's gold grill solely to support his identification as the perpetrator of the charged offenses. But ample evidence from other sources established appellant's identity, including both the complainant's and her boyfriend's eyewitness testimony and identification of appellant. Whether appellant's trial counsel told him to dispose of the grill was simply not essential to the elements of the charged offenses or any defenses. Moreover, even if the fact was essential, it is not always the case that an attorney with knowledge of an essential fact *must* be allowed to withdraw. *See Johnson*, 352 S.W.3d at 230 (citing several cases in which courts have recognized that a lawyer can testify at trial without

withdrawing, including *Ramon v. State*, 159 S.W.3d 927, 931 (Tex. Crim. App. 2004); *Flores v. State*, 155 S.W.3d 144 (Tex. Crim. App. 2004); *Shannon v. State*, 104 Tex. Crim. App. 483, 284 S.W. 586 (1926); *Mealer v. State*, 32 Tex. Crim. App. 102, 22 S.W. 142 (1893)). This argument does not support appellant's claim that the trial court abused its discretion in denying his trial counsel's motion to withdraw.

Finally, to the extent the issue is preserved and the trial court erred, any harm was no more than slight. The trial court's instruction to the jury to disregard Deputy Sheppard's statement and to not consider it for any purpose ameliorated any perceived harm.

Under these circumstances, appellant has not shown that the trial court acted unreasonably or arbitrarily in denying his motion to withdraw. We overrule his second issue.

## Conclusion

Having overruled appellant's two issues, we affirm the trial court's judgment.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Busby, Brown, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

12