**Opinion issued February 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00205-CR

_____

**ANDRE DWAYNE TOLIVER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1576005**

---

## MEMORANDUM OPINION

A jury found appellant, Andre Dwayne Toliver, guilty of aggravated kidnapping and assessed his punishment at fifteen years' incarceration. In his sole issue on appeal, Toliver argues that the trial court erred by refusing to charge the

jury on the lesser-included offense of aggravated assault, a second-degree felony, as requested by defense counsel. We affirm the trial court's judgment.

## Background

Toliver was charged by indictment with the aggravated kidnapping of his wife, Jackalin Martinez. The indictment states, in pertinent part:

> Toliver . . . did then and there unlawfully, intentionally and knowingly abduct Jackalin Martinez, hereinafter styled the Complainant, without her consent, with intent to prevent her liberation by using and threatening to use deadly force, namely, shooting the complainant with a firearm, and during the commission of said offense [Toliver] used and exhibited a deadly weapon, namely, a firearm.

On the second day of trial, during the State's case-in-chief, Toliver moved for an instruction on the lesser-included offense of aggravated assault. The trial court correctly stated that it could not rule on trial counsel's request because not all the evidence was in. *See* TEX. CODE CRIM. PROC. art. 36.14 (setting time to object to court's charge as "before said charge is read to the jury").

After both sides rested their cases, the jury was removed, and the trial court asked counsel, "Do we have a charge?" The court then went off the record. Once back on the record, the trial court asked defense counsel if he had any objections to the charge, and counsel answered: "We would just take exception to the Court's ruling on the lesser-included offenses. Other than that, no objections." The trial court responded, "All right, sir."

2

The jury convicted Toliver of the only offense included in the jury charge—the first-degree felony offense of aggravated kidnapping—and assessed him the minimum punishment of fifteen years' incarceration.

## Preservation of Charge Error

In his sole issue on appeal, Toliver argues that the trial court erred by refusing to charge the jury on the lesser-included offense of aggravated assault, a second-degree felony, as requested by defense counsel. The State argues that Toliver has not preserved this issue for appeal.

### A. Standard of Review and Applicable Law

The trial judge has a duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); TEX. CODE CRIM. PROC. art. 36.14 ("[T]he judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case."). The trial judge has the duty to instruct the jury on the law applicable to the case even if defense counsel fails to object to inclusions or exclusions in the charge. *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011). A jury instruction on a lesser-included offense, however, is not "applicable to the case" absent a request by the defense for its inclusion in the jury charge. *See Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010). The judge does not have a duty, sua sponte, to instruct the jury on lesser-included offenses. *Id.*

Accordingly, a defendant cannot complain on appeal about the trial judge's failure to include a lesser-included-offense instruction "that he did not preserve by request or objection: he has procedurally defaulted any such complaint." *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013).

To preserve a point of error regarding the trial court's failure to include a lesser-included offense instruction, a defendant must make a timely, specific objection to the trial court's charge. TEX. CODE CRIM. PROC. art. 36.14 ("Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection"). A defendant must also obtain an adverse ruling to preserve an article 36.14 complaint. *Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996). To properly request a lesser-included instruction, a defendant must draw "the court's attention to the particular complaint later raised on appeal." *Starks v. State*, 127 S.W.3d 127, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd, untimely filed). Such objection or request must be "in writing;" dictation to a court reporter in the presence of the court and State's counsel satisfies the "writing" requirement. TEX. CODE CRIM. PROC. art. 36.14.

Here, the record reflects that Toliver made a premature request for an instruction on the lesser-included offense of aggravated assault before the close of evidence. Toliver's premature request for a lesser-included instruction, however, did

4

not preserve this issue for appellate review. *See Brewer v. State*, 367 S.W.3d 251, 253 (Tex. Crim. App. 2012) (stating appellate courts "do not combine complaints to meet the requirements for preservation; we view each complaint individually"). Toliver also failed to obtain a ruling on his request. *See Vasquez*, 919 S.W.2d at 435. The record also reflects that Toliver did not submit a written proposed instruction on the lesser-included offense as required by article 36.14. Toliver, however, argues that the issue is preserved because the Court can infer that counsel must have renewed his untimely request for a lesser-included offense instruction on aggravated assault, and that the trial judge must have denied the request during the portion of the charge conference that was held off the record. It is improper, however, for this Court to speculate with regards to what may or may not have transpired off the record. *See Cockrum v. State*, 758 S.W.2d 577, 585 n.7 (Tex. Crim. App. 1988) ("Perhaps, one of the unrecorded bench conferences would have reflected that some question was prohibited by the trial judge. Such supposition on the part of this Court, however, cannot substitute for what has actually found its way into the appellate record"); *see also Veras v. State*, 410 S.W.3d 354, 357–58 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("[T]his court cannot conclude that appellant preserved error based upon speculation or supposition as to what may have occurred during a bench conference at which no record was made").

5

Because Toliver did not make a timely, specific objection to the trial court's charge in writing as required by article 36.14, we conclude that Toliver has not not properly preserved his complaint, and thus, presents nothing for review.

We overrule Toliver's sole issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do Not Publish.   TEX. R. APP. P. 47.2(b).