

# NUMBER 13-23-00102-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN LEE RUDDICK,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Justice Longoria**

Appellant John Lee Ruddick was found guilty by a jury for the first-degree felony offense of aggravated sexual assault of a child (Count I) and the third-degree felony offense of indecency with a child (Count II). *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. The jury assessed punishment at twenty-five years' imprisonment for Count I and five years' imprisonment for Count II, and the sentences were ordered to run consecutively.

By one issue, Ruddick argues that the trial court abused its discretion when it denied his request for mistrial during voir dire. We affirm.

## I.  BACKGROUND[1]

At the beginning of voir dire, the trial court explained to the venire panel the two phases of a trial and the presumption of innocence given to a criminal defendant. The trial court then questioned the jury panel regarding whether potential jurors could be fair and impartial in a sexual assault case. The trial court also explained the applicable range of punishment for Count I and Count II, and questioned the venire panel on whether they could consider the full range of punishment. Shortly after, the State began its voir dire presentation. The State displayed and utilized PowerPoint slides throughout its presentation. At the beginning of its presentation, the State stated, among other things, that the criminal justice system "is not an outcome-driven institution," that "the process is equally, if not more important, than the outcome," and that "the main objective for this entire week is to make sure that the State's burden is met and that[ Ruddick] gets a fair trial in doing so." At one point during its presentation, the State displayed the following slide[2]:

---

[1] Ruddick does not challenge the sufficiency of the evidence to support his conviction, so we only outline those facts relevant to his appeal. *See* TEX. R. APP. P. 47.4.

[2] We have made non-substantive alterations to the image by cropping it and adding a border.

## Purpose of Criminal Punishment

▸ In my opinion, <u>the primary purpose</u> of the criminal justice system for the offense of Aggravated Sexual Assault of a Child and Indecency with a Child is:

▸ 1. Punishment
▸ 2. Rehabilitation

In addition, the State discussed the contents of the slide with the venire panel:

I'm going to go down each and every—all 70 of you. I'm going to ask you a specific question, and it's going to be in response to this. It's in my opinion, the primary purpose of the criminal justice system for these two offenses, aggravated sexual assault of a child and indecency with a child is, 1, punishment; 2, rehabilitation. Those are your . . . options. Okay?

By "punishment," I mean a pure criminal penalty for conduct. Actions have consequences. You go to prison because you did something bad. Rehabilitation focuses on the offender. Time in prison, a term of years in prison, in order to be rehabilitated and come out a better person than you were before. That's what we're talking about here. So I'm going to go down each and every one of you, and I'd like you to please tell me either punishment or rehabilitation.

Ruddick did not object to the State's question or its presentation slide. The State then asked each member of the venire panel, one at a time, for their individual answer to its question. Ruddick did not object each time the State solicited an answer to its question by individual venire panel members, nor to the answers provided by them. All members of the venire panel answered "punishment" to the State's question. Thereafter, the State asked the venire panel whether there was any other reason they could not sit as a juror in the case. The record indicates that none of the members of the venire panel responded to the State's question. The State then concluded its voir dire presentation and the venire

3

panel was excused from the courtroom for a brief recess.

During the recess, outside the presence of the venire panel, Ruddick's counsel moved for mistrial:

> Judge, at this time I think I need to move for a mistrial. And I believe we're entitled to a mistrial. During voir dire just now, there was a slide put up that said—that asked the jury, basically, what they believe the primary purpose of the criminal justice system was in regards to aggravated sexual assault of a child, punishment or rehabilitation.
>
> Every voir dire person—every person on the panel stated they believed that the purpose of the criminal justice system was to punish. And that's not the purpose of the criminal justice system. These—nobody here can give a fair trial at this point in time, because they believe they are here to punish. They're here for a trial, and they're here to punish. There's nothing—none of them—I don't believe they can give a fair trial, punishment was their actual answers, black or white, they're beyond the point of rehabilitation at this point. I move for a mistrial.

The trial court denied Ruddick's motion for mistrial. Ruddick then conducted his voir dire presentation, and a jury was selected. After presentation of all the evidence and testimony by the parties, the trial court read its charge to the jury. After the parties presented closing arguments, the jury found Ruddick guilty of aggravated sexual assault of a child and assessed a twenty-five-year term of imprisonment for that offense. The jury also found Ruddick guilty of indecency of a child by exposure, and assessed a five-year term of imprisonment for that offense. The trial court ordered the sentences to run consecutively. *See* TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (excluding certain sex offenses from the general rule that sentences for offenses "arising out of the same criminal episode prosecuted in a single criminal action . . . shall run concurrently"). This appeal followed.

## II.    MISTRIAL

In his sole issue, Ruddick argues that the trial court's denial of his "request for a

4

mistrial to strike th[e] venire panel" violated his right to trial by an impartial jury as set out in the Sixth Amendment of the United States Constitution and Article 1, § 10 of the Texas Constitution. *See* U.S. CONST. amend. VI.; TEX. CONST. art. I, § 10.

## A.    Standard of Review & Applicable Law

We review the trial court's denial of a motion for mistrial under an abuse of discretion standard. *Archie v. State*, 340 S.W.3d 734, 738–39 (Tex. Crim. App. 2011); *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). Under this standard, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it falls within the zone of reasonable disagreement. *Archie*, 340 S.W.3d at 738–39. A reviewing court cannot substitute its judgment for that of the trial court but instead determines whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial court abuses its discretion when no reasonable view of the record could support the trial court's ruling. *See id.* When a party requesting a mistrial does not first seek a lesser remedy, a reviewing court cannot reverse the trial court's judgment if the alleged error could have been cured by a less drastic alternative. *Ocon v. State*, 284 S.W.3d 880, 884–87 (Tex. Crim. App. 2009).

## B.    Discussion

Ruddick argues that the State's question "pre-supposed [his] guilt," and that his ground for mistrial "was that [all] 70 jurors committed themselves to the 'punishment' answer to the State's postulate," that "the jury's answer to the State's query pre-committed the jury to the idea an offense had already occurred," and that "[t]his created an[] overwhelming bias towards a finding of guilt."

5

The State argues, among other things, that Ruddick failed to preserve error. *See* TEX. R. APP. P. 33.1(a)(1). Regarding preservation, Ruddick argues that his counsel "could have lodged an objection to [the State's] question prior to [it] being presented to the panel," but that "at the onset, counsel did not know if the panel's answers would be helpful (rehabilitation) or harmful (punishment)." Ruddick also argues that his "counsel had to wait for all 70 jurors to answer before his grounds for a motion for mistrial became ripe."

A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent. *Veras v. State*, 410 S.W.3d 354, 358 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007)). Moreover, "the Sixth Amendment right to an impartial jury is . . . subject to waiver (or even forfeiture) by the defendant in the interest of overall trial strategy." *State v. Morales*, 253 S.W.3d 686, 697 (Tex. Crim. App. 2008). Ruddick states that his complaint was preserved because his counsel "had to wait until the final juror's answer . . . before moving for a mistrial, which counsel did just after the trial court took a break." We disagree. The record indicates that, after all the venire panel members answered the State's question, the State further inquired into whether there was any other reason that venire panel members could not sit as a juror in the case, and none responded. It was not until after the State concluded its voir dire presentation and the trial court excused the jury for a brief recess that Ruddick lodged his request for a mistrial. Thus, the record reflects that Ruddick did not move for a mistrial as soon as the grounds for the motion became apparent. *See id*. Accordingly, we conclude that Ruddick's motion for mistrial was untimely and did not

6

preserve his complaint for appellate review. *See id.*

In addition, "[i]f a party delays [his] motion for mistrial, and by failing to object allows for the introduction of further objectionable testimony or comments and a greater accumulation of harm, the party could no more rely on the untimely motion for mistrial than on an untimely objection." *Griggs*, 213 S.W.3d at 927 (citing *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004)). Assuming without deciding that the State's question and the venire panel member's answers were objectionable, the record reflects that Ruddick did not object to the State's question or presentation slide prior to the time in which the venire panel members provided their individual answers. Nor did Ruddick object to the individual venire panel member's answers as they provided them. Thus, Ruddick cannot rely on his untimely request for mistrial because he allowed the answers from venire panel members to accumulate by failing to object. *See id.* We overrule Ruddick's sole issue.[3]

### III.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
16th day of May, 2024.

---

[3] We also note that Ruddick's arguments on appeal—that the State's question "pre-supposed [his] guilt" and that "the jury's answer to the State's query pre-committed the jury to the idea an offense had already occurred" and thus, "created an[] overwhelming bias towards a finding of guilt"—do not comport with the arguments he lodged to the trial court in support of his request for mistrial. *See* TEX. R. APP. P. 33.1(a); *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) (op. on reh'g) ("[A]n objection stating one legal theory may not be used to support a different legal theory on appeal.").